11McKAY, Judge.
The plaintiff, Milling, Benson, Woodward, Hillyer, Pierson and Miller, L.L.P. (Milling), appeals the trial court’s maintaining of the defendants’, the Derbes Law Firm (Derbes), Albert Derbes, III, and Albert Derbes, IV, Exception of No Cause of Action. We affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
The underlying facts and litigation involved in this case are somewhat complex. For a period of time, AMHC was represented by Milling. During this period of time, Milling also represented the Succession of Reiss in connection with a stock redemption claim filed against AMHC. This lead to AMHC’s retaining the Derbes Law Firm and filing a third party claim against Milling alleging that Milling had a conflict of interest and had breached the fiduciary duty it owed to AMHC. AMHC’s third party claim against Milling was ultimately dismissed because it had prescribed.
Milling subsequently brought another action against AMHC and Derbes alleging defamation and malicious prosecution. AMHC filed an answer to this suit |2while Derbes filed an exception of no cause of action. At the hearing on the exception, the court granted Milling leave to amend its petition. Milling filed its amended petition and Derbes again filed an exception of no cause of action which the trial court sustained. It is from this ruling that Milling appeals.
ISSUE
At issue is whether the trial court erred in granting Derbes’ exception of no cause of action.
ANALYSIS
In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. La.Code Civ.P art. 931; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). The court must accept well pleaded allegations of fact as true, and the issue at the trial of the exceptions is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993); Kuebler v. Martin, 578 So.2d 113 (La.1991). However, under the system of fact pleading retained by Louisiana, the mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. La.Code *141 Civ.P. art. 854, official revision comment (a); Latham v. Latham, 216 La. 791, 44 So.2d 870 (1950); In re Phoenix Building & Homestead Association, 203 La. 565, 14 So.2d 447 (1943).
Milling alleges that it was defamed when the Derbes Law firm on behalf of its client, AMHC, filed an answer with reconventional demand and third party demand charging that Milling had breached its fiduciary duty to a client and had a conflict of interest. Milling, however, has not alleged that it did not represent AMHC and the Succession of Reiss simultaneously. In neither of its petitions did ^Milling allege that it was not general counsel for AMHC on September 29, 1988. Further, Milling failed to allege that it did not have a conflict in representing both the Succession of Reiss and AMHC. In contrast, the facts were fully set forth in the third party demand filed by Derbes on behalf of AMHC. The relevant paragraphs of that pleading allege:
XIII.
Michael Reiss, on June 29, 1988, was an associate and employee of the law firm of Milling, Benson, Woodward, Hillyer, Pier-son & Miller, a Louisiana partnership (hereinafter sometimes “Milling”).
XIV.
AMHC, on June 29, 1988, was a client of Milling.
XV.
On June 29, 1988 and for a period of time both prior and after that date, Milling acted as corporate counsel for AMHC.
XVI.
When Michael Reiss and Milling made demand on June 29, 1988, upon AMHC, they breached their fiduciary duties unto AMHC.
XVII.
Michael Reiss’ and Milling’s breach of fiduciary duty caused damages unto AMHC.
XVIII.
Michael Reiss and Milling failed to advise AMHC that the consolidated financial statement of December 31, 1987 should have booked contingent environmental liabilities were material and would have reduced the amount of money owed to petitioners. ...
XIX.
Made third party defendant herein is Milling, Benson, Woodward, Hillyer, Pier-son & Miller. The allegations of the re-conventional demand of |4AMHC against Michael Reiss as set forth in paragraphs numbered 11 through 18, inclusive, above are reavered herein as if copied herein in extenso.
Since Milling has not disputed the facts laid out in AMHC’s third party demand, we must determine whether the allegations made in that pleading give rise to a cause of action for defamation and malicious prosecution on their face.
Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client’s adversary when acting in his client’s behalf. A non-client, therefore, cannot hold his adversary’s attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney’s responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client. Penalber v. Blount, 550 So.2d 577 (La.1989); Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127. Accordingly, there is a qualified privilege accorded attorneys in a judicial proceeding. Freeman v. Cooper, 414 So.2d 355 (La.1982). In order for the privilege to apply, the alleged defamatory statement must be material and must be made with probable cause and without malice. In the instant ease, the alleged defamatory statements were central to the third party demand Derbes filed on behalf of AMHC.
*142 In Miskell v. Ciervo, 557 So.2d 274 (La.App. 4 Cir.1990), our Court upheld the trial court’s sustaining of an Exception of No Cause of Action on behalf of both the attorneys and the insurer. Those defendants were sued for allegedly defaming the insured by pursuing a fraud defense in a prior action. The rationale employed by our Court in that decision was based on the fact that the basis for the alleged defamatory allegations were set forth in the pleadings and were not made maliciously. Likewise, the third party demand Derbes filed on behalf of AMHC in |5the instant case laid out the facts on which it was based. Therefore, it should also be viewed as made in good faith and without malicious intent.
Milling is also unable to cure a critical defect in its malicious prosecution action. A necessary element of the malicious prosecution cause of action is the bona fide termination of the underlying judicial proceeding in favor of the party asserting the malicious prosecution. Robinson v. Goudchaux’s 307 So.2d 287 (La.1975) (citing Eusant v. Unity Indus. Life Ins. Ass’n, 195 La. 347, 196 So. 554 (1940)). Our brethren in the Third Circuit have held that a merely procedural victory that does not relate to the merits of the suit is not a bona fide termination for the purposes of a subsequent action for malicious prosecution. Terro v. Chamblee, 95-70 (La.App. 3 Cir. 7/19/95) 663 So.2d 75, 77-78. We adopt this rationale. The issue of Milling’s alleged breach of fiduciary duty was never litigated, rather, the third party demand was dismissed on grounds of prescription. Accordingly, there has never been a bona fide termination in favor of Milling. Therefore, Milling is unable to maintain an action for malicious prosecution.
After a careful review of the record, we find that the trial court did not err in maintaining Derbes’ Exception of No Cause of Action. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ARMSTRONG, J., Dissents With Reasons.