750 So.2d 230 (1999)
Robert BORRELLO, et al.
v.
CITY OF KENNER, et al.
No. 99-CA-420.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 1999.
*231 David S. Fos, Ansardi, Maxwell & Power, Kenner, Louisiana, for defendants-appellants.
Pierre Gaudin, Jr., Gaudin & Gaudin, Gretna, Louisiana, Nat G. Kiefer, Jr., Kris P. Kiefer, Kiefer & Kiefer, Metairie, Louisiana, for plaintiffs-appellees.
Court composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and SUSAN M. CHEHARDY.
GRISBAUM, Judge.
The defendants-appellants appeal the trial court's dismissal of the plaintiffs-appellees' original lawsuit without prejudice. The defendants-appellants also challenge the trial court's denial of their exception of prescription as to the plaintiffs-appellees' second lawsuit.

ISSUES
The issues presented are:
1. Did the trial court abuse its discretion in granting plaintiffs motion to voluntarily dismiss their original lawsuit without prejudice;
2. Was the second lawsuit filed by the plaintiffs prescribed when the original lawsuit was voluntarily dismissed by the plaintiffs?

*232 FACTS AND PROCEDURAL HISTORY

On July 3, 1996, Arasimo "Ross" Borrello, a minor, sustained a broken arm while playing on a gymset at the Muss-Bertolino Playground in Kenner. On July 1, 1997, Robert Borrello, individually, and as administrator of his minor child's estate, Ross Borrello, filed a petition against the City of Kenner and Larry Bettencourt, Recreation Director of the City of Kenner, bearing docket number 511-367. At the end of the petition is the notation, "PLEASE WITHHOLD SERVICE AT THIS TIME."
According to the defendants, the City of Kenner did not receive service of this petition until July 9, 1998, and there is no record that Larry Bettencourt ever received service of this petition. On August 14, 1998, the defendants filed a peremptory exception of prescription arguing that La. R.S. 13:5107(D) requires that suits against political subdivisions must have service requested within 90 days of filing, or the suit shall be dismissed without prejudice. The hearing on the exception was set for October 22, 1998. However, on October 20, 1998, two days before the hearing, the plaintiffs filed an identical petition to the one filed on July 1, 1997, bearing docket number 530-809. This second petition requested service on Larry Bettencourt and the City of Kenner through its Mayor, the Honorable Louis J. Congemi.
On October 21, 1998, the day before the hearing for the exception was set, the plaintiffs filed a Limited Motion to Dismiss Without Prejudice in the first lawsuit, which the trial court granted. The defendants appeal this judgment.
On October 28, 1998, the defendants filed a peremptory exception of prescription in response to the second lawsuit arguing that the plaintiffs' cause of action was prescribed on its face because they filed it well over a year after the incident occurred. The trial court denied this motion. The defendants also filed a supplemental and amending peremptory exception of res judicata, on November 20, 1998, which the trial court dismissed on February 22, 1999. The defendants filed an application for supervisory writs, Writ No., 99-C-212, with this Court challenging this judgment.
Because we found that the matters in the defendants' appeal and writ application were interrelated, we consolidated the appeal and the writ for docketing, briefing and oral argument before our court by Order of Consolidation, dated March 25, 1999.

LAW AND ANALYSISISSUE ONE
Ordinarily, the trial court is granted wide discretion as to the dismissal of a suit without prejudice after the defendant has appeared, and the court's determination will not be set aside absent a clear abuse of that discretion. La.Code Civ. P. art 1671; Martinez v. Dow Chemical Co., 97-289 (La.App. 5th Cir. 9/30/97), 700 So.2d 1096. Our jurisprudence "has delineated two circumstances in which such an abuse has been found in dismissals without prejudice: 1) where substantive rights of the defendant would be lost, or 2) where the defendant would be deprived of a just defense." Martinez at 1098, citing Oliver v. Davis, 95-1841 (La.App. 1st Cir. 8/12/96), 679 So.2d 462, writ denied, 96-2267 (La.11/15/96), 682 So.2d 773.
Here, the appellees filed, in the same court, a second petition identical to the original, still pending, petition they filed in Case No. 511-367. The only factor distinguishing the two petitions is that the second petition requested service on Larry Bettencourt and the City of Kenner through its Mayor, the Honorable Louis J. Congemi. The appellees sought dismissal of Case No. 511-367 (the original lawsuit). Dismissal was granted the day before the hearing on the appellants' exception of prescription to it was scheduled. The timeliness of the second petition depends on the timely filing and proper service of the original petition in Case No. 511-367. However, once the original lawsuit was *233 dismissed, the appellants' exception of prescription was not heard by the trial court. Consequently, the original lawsuit's dismissal prevented the appellants from challenging the timely filing and proper service of its petition.
To determine whether the appellants lost substantive rights or were deprived of a just defense, we must address the argument presented in the exception of prescription to the original lawsuit before that lawsuit was dismissed. There is no dispute that the original petition was timely filed. The controversy stems from the fact that the appellees did not serve the appellants until a year after they filed the petition. At issue is the applicability of La. R.S. 13:5107(D), which requires a plaintiff to serve the petition within 90 days of filing when the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party. The appellants argue that, under La. R.S. 13:5107(D)(3), once proper service is not made, the political subdivision or any employee thereof is dismissed, and the running of prescription as to that party is not interrupted or suspended. The appellees contend that La. R.S. 13:5107(D) does not apply here because the original lawsuit was not dismissed after a contradictory hearing under this provision. The appellees further contend that, because the original petition was timely filed on July 1, 1997, in a court of competent jurisdiction and venue, prescription continued to be interrupted as long as the suit was pending. Therefore, the appellees contend that when they filed their second petition, prescription continued to be interrupted because the original lawsuit was still pending.
Although the appellees sought and were granted dismissal of the original lawsuit one day after filing the second petition, the appellees argue that dismissal of the original lawsuit did not affect the timeliness of the second lawsuit, because the second petition was filed during a period of interruption. The appellees recognize the rule that interruption of prescription is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute; but, argue that it only applies prospectively to lawsuits filed after the plaintiff abandons, voluntarily dismisses, or fails to prosecute his suit. Appellees cite Levy v. Stelly, 277 So.2d 194 (La.App. 4th Cir.), writ denied, 279 So.2d 203 (La.1973) in support of this contention. Therefore, the appellees argue that this rule does not apply here since they filed their second suit before they voluntarily dismissed their original lawsuit. We disagree.
At the time of the accident and the filing of the original suit, July 1, 1997, the first version of La. R.S. 13:5107(D) was in effect. 1996 La. Acts 63, effective May 9, 1996. When service was requested in July 1998, Act 63, had been amended and reenacted by 1997 La. Acts 518, effective January 1, 1998. This later act does not apply to suits filed before its effective date. Therefore, we must apply the first version of La. R.S. 13:5107(D) as provided by 1996 La. Acts 63 which states:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names the state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or *234 any officer or employee thereof. The effect of interruption of prescription as to any other person shall not be affected thereby.
This Act shall become effective upon signature by the governor [which occurred on May 9, 1996].
This statute is clear and unambiguous. Service must be requested within ninety (90) days. Because the statute is mandatory, there is an implicit underlying conclusion that the appellees' original lawsuit should have been dismissed because it was not served within the designated time period. Here, we note that a contradictory hearing was scheduled to determine whether the action should have been dismissed; however, the appellees voluntarily withdrew the original lawsuit the day before this hearing was to be held. Dismissal of the original lawsuit deprived the appellants of a just defense, especially since the timeliness of the second lawsuit is premised on the correct filing of the original lawsuit. Ergo, the trial court abused its discretion when it dismissed the original lawsuit without prejudice.

ISSUE TWOLAW AND ANALYSIS
There is no dispute that the appellants are governmental entities protected by La. R.S. 13:5107(D). Under La. R.S. 13:5107(D), as enacted by 1996 La. Acts 63, the appellees had ninety (90) days from the filing of the petition to request service. Because they did not, service was untimely. Once a governmental entity is dismissed under this section, the filing of the action shall not interrupt prescription. Therefore, if the contradictory hearing had occurred as scheduled, the appellants should have been dismissed, because of untimely service. Since service was untimely and the appellants should have been dismissed, the filing of the original petition did not interrupt prescription. Accordingly, the trial court erred in denying the appellants' exception of prescription.
In summary, we hold that the trial court abused its wide discretion by dismissing the appellees' original lawsuit without prejudice. Consequently, the trial court erred in not finding the appellee's second lawsuit was prescribed.
For the reasons assigned, we amend the trial court's judgment dismissing the original lawsuit without prejudice to dismiss it with prejudice. We also reverse the trial court's judgment, dated December 17, 1998, denying the appellants' exception of prescription as to the appellees' second lawsuit, and hereby grant that exception. Each party to this appeal is to bear its respective costs.
AMENDED AND REVERSED.