JjPICKETT, Judge.

FACTS

On September 18, 2000, Dr. George Mowad was killed when his 2001 GM Cadillac Deville crossed the center line and collided with a 1989 Nissan Truck being driven by Katherine Slaughter. Ms. Slaughter also died as a result of the collision.
The accident occurred in Rapides Parish. Dr. Mowad was a resident of Oak-dale, which is located in Allen Parish.
Doctor Mowad’s widow, Dolores Massad Mowad, and their surviving children, filed suit in both Allen and Rapides Parish against General Motors Corporation and Boyd Buick-Cadillac-Chevrolet-Pontiac-Oldsmobile-GMC Truck, Inc. General Motors Corporation (GM) filed a declinatory exception of improper venue as to the suit filed in Allen Parish. The exception was denied.
On March 8, 2002, plaintiffs filed a motion to dismiss the suit filed in Rapides Parish without prejudice. Following a hearing on April 22, 2002, the motion was granted, and the trial court dismissed the Rapides Parish suit without prejudice. It is from this dismissal that the defendants appeal.

DISCUSSION

The defendant asserts that the issue for review on appeal is whether the trial court committed legal error in granting plaintiffs’ motion to dismiss without prejudice where the defendant had filed an answer and conducted discovery in the Ninth Judicial District Court proceedings before the plaintiffs filed their Motion to Dismiss. GM points out that a third suit brought on behalf of the other driver’s family was also pending in Rapides Parish. GM had filed a Motion to Consolidate the two cases.
The defendant argues that under La. Code Civ.P. art. 1671, a plaintiff may not voluntarily dismiss a suit without prejudice after a defendant has filed an answer. li>The defendant’s argument is misplaced. Article 1671 provides:
*1091 A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
(Emphasis added)
“After the defendant has appeared, the trial judge has wide discretion to dismiss without prejudice, and such a decision will not be set aside absent clear abuse of discretion.” LaRocca v. Bailey, 01-0618, p. 11 (La.App. 8 Cir. 11/7/01); 799 So.2d 1263, 1270 citing Borrello v. City of Kenner, 99-420 (La.App. 5 Cir. 11/30/99); 750 So.2d 230. Article 1671 leaves to the discretion of the trial court the decision to dismiss without prejudice. Turner v. Leslie, 96-2288 (La.12/6/96); 684 So.2d 395.
Sanders v. Travelers Ins. Co., 271 So.2d 298 (La.App. 3 Cir.1972) and Melancon v. Swift Agr. Chemical Corp., 289 So.2d 578 (La.App. 3 Cir.1974) establish the only rule which must be followed by the court in the exercise of its discretion. The court cannot dismiss an action without prejudice, after the defendants have made an appearance of record, if substantive rights of the defendant would be lost by the dismissal or if the dismissal would deprive the defendant of a just defense.
The defendant has failed to demonstrate any substantive rights it has lost as a result of this dismissal without prejudice. Further, the defendant has failed to show that this dismissal will deprive it of a just defense.

DECREE

Whether to dismiss this case with or without prejudice was clearly at the discretion of the trial 13court. We find no abuse of discretion on the part of the trial court in dismissing this matter without prejudice. Accordingly, we affirm the judgment of the trial court. Costs of this appeal are to be borne by the defendant.
AFFIRMED.