963 So.2d 516 (2007)
Randall Glen MATTHEWS, Plaintiff-Respondent,
v.
The CITY OF BOSSIER CITY, Kathy L. Powell, L. "Trey" Smith, III, and Brandon S. Huckabay, Defendants-Applicants.
No. 42,202-CW.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
Rehearing Denied September 13, 2007.
*517 Lemle & Kelleher, LLP by Jerald N. Jones, Brian A. Cowan, Shreveport, for Defendants-Applicants.
Smith & John by Kenneth C. Smith, Jr., Shreveport, for Plaintiff-Respondent.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Edwin H. Byrd, III, Shreveport, for Defendant-Respondent, Louisiana Riverwalk, LLC.
Gaudry, Ranson, Higgins & Gremillion, LLC by Daniel A. Ranson, Gregory G. Gremillion, Gretna, for Defendants-Respondents, Securitas Security, Debra Harris, Shamika Harris, and Roberta Caldwell.
Before BROWN, STEWART, and PEATROSS, JJ.
BROWN, Chief Judge.
Defendants, the City of Bossier City and six of its police officers, invoked this court's supervisory jurisdiction to review the denial of their exception of prescription by the trial court. We granted the writ application and docketed the case. We now reverse and dismiss all of plaintiff's claims.

Facts
The underlying basis for this civil suit against, inter alia, the City of Bossier City ("the City") and several of its police officers, was the ejection from and arrest at the Louisiana Boardwalk of plaintiff, Randall Glen Matthews, on June 19, 2005, and then again on June 21, 2005.
Acting pro se, on June 16, 2006, plaintiff filed suit against the City and three individual police officers, Kathy L. Powell, L. "Trey" Smith, and Brandon S. Huckaby. In his petition, Matthews asserted that these defendants, "along with other unnamed and/or unknown participants and/or co-conspirators, (were) liable to said plaintiff, jointly and severally," for, among other things, violating his civil rights under federal and state law.
Matthews alleged that on June 19, 2005, while he was at the Boardwalk, private security officers asked him to leave. When he refused, the security officers called the Bossier City Police Department. Two officers arrived and arrested Matthews for disturbing the peace for using the words "bullshit" and "damn" and remaining after being forbidden at the shopping complex. Two days later, Matthews returned to the Boardwalk. On this date, security officers stopped him and informed him that by wearing his hat backwards, he was in violation of the Boardwalk's posted code of conduct. Plaintiff was given the option of turning his hat around or leaving. When he refused to do either, the security officers called the Bossier City Police Department. The responding officers arrested Matthews for remaining after being forbidden. Matthews has been tried on all charges. He was acquitted of the disturbing the peace charge but convicted of the two charges of remaining after being forbidden.[1]
In his June 19, 2005, petition, plaintiff specifically instructed the clerk of court: "Please withhold service of process on all defendants." Ninety-five calendar days later, on September 19, 2006, Matthews, still appearing pro se, filed an amended petition for damages. In this amending petition, *518 he maintained the suit against the previously named defendants and added three additional Bossier City police officers.[2] He also added non-governmental parties as defendants.[3] According to Matthews, all of the defendants were solidarily liable for his injuries. Finally, in the second petition, plaintiff instructed the clerk of court to serve the first and second petitions upon the defendants at their various addresses.
In response, the City and Officers Powell, Smith, and Huckaby filed a declinatory exception of insufficiency of service of process, and the City and all six police officers filed a peremptory exception of prescription. The district court sustained the exception of improper service as to the first petition and dismissed it without prejudice in accordance with La. R.S. 13:5107(D).[4] However, the court overruled the exception of prescription on the grounds that this exception was premature as to the City and Officers Powell, Smith, and Huckaby, and overruled the exception on the merits as to the other three officers. The City and the individual officers (hereinafter referred to as "defendants") sought supervisory review of the trial court's ruling on their exception of prescription with this court. We granted the writ and docketed the case.

Discussion
Plaintiff's state tort law claims and his claims under 42 U.S.C. § 1983 for wrongful arrest and imprisonment[5] are subject to a one-year prescriptive period. La. C.C. art. 3492; McCoy v. City of Monroe, 32,521 (La.App.2d Cir.12/08/99), 747 So.2d 1234, writ denied, 00-1280 (La.03/30/01), 788 So.2d 441.
La. R.S. 13:5107 provides, in part:
(D) (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant *519 in such action by any written waiver.

(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. (Emphasis added).

(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of prescription as to other persons shall continue. (Emphasis added).
According to defendants, the trial court erred in denying their exception of prescription because Matthews' original petition, which was dismissed for failure to timely request service as required by La. R.S. 13:5107, can not be the basis for an interruption of prescription against them inasmuch as they are governmental parties. Defendants point out that Matthews' amending petition was filed on September 19, 2006, which was more than one year after June 19 and 21, 2005, the dates of plaintiff's ejections from and arrests at the Boardwalk. Defendants further reason that because all of Matthews' claims are subject to a one-year tort law prescriptive period, see La. C.C. art. 3492 and McCoy, supra, his claims against defendants are untimely and their exception of prescription should be granted.
La. R.S. 13:5107(D)(3) clearly provides that an action that is dismissed as a result of a failure to timely request service "shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof." In the instant case, the City of Bossier City and all six Bossier City police officers fall within the scope of this provision. As noted by the Fifth Circuit in Borrello v. City of Kenner, 99-420 (La.App. 5th Cir.11/30/99), 750 So.2d 230, once a governmental entity [or employee] is dismissed under La. R.S. 13:5107, the filing of the petition that is dismissed does not interrupt prescription. Furthermore, in Pylant v. Jefferson Parish, 05-148 (La. App. 5th Cir.06/28/05), 907 So.2d 807, writ denied, 05-1992 (La.03/17/06), 925 So.2d 537, the court held that the filing of a supplemental and amending petition does not cure the failure to timely request proper service of the original petition.
Therefore, because plaintiff failed to timely request service of his original petition, the one-year statute of limitations was neither interrupted nor suspended by that filing. See La. R.S. 13:5107(D)(3); Pylant, supra; Borrello, supra.
Furthermore, notwithstanding Matthews' argument to the contrary, La. C.C. art. 2324 and La. R.S. 13:5107(D)(3) do not "save" his claim. As defendants point out, La. R.S. 13:5107(D)(3)'s savings clause does not inure to plaintiff's benefit. As noted above, La. R.S. 13:5107(D)(3) unequivocally prohibits plaintiff from relying upon his original petition in any manner for the interruption of prescription against the governmental defendants. La. R.S. 13:5107(D)(3) provides in part that "the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof." *520 See also Cali v. Cory, 04-1227 (La.App. 4th Cir.11/03/04), 886 So.2d 648, writ denied, 04-3155 (La.02/25/05), 894 So.2d 1153.
First, there were not any "other defendants" because plaintiff did not name any non-governmental defendants in his original petition. Therefore, there were no parties against whom claims remained after plaintiff's first petition was dismissed for failure to timely serve the governmental defendants. Furthermore, his naming of these non-governmental parties as defendants in the amended petition after prescription had run does not serve to resurrect his claim for wrongful imprisonment/arrest against defendants-applicants. Id.
Our inquiry does not end, however, with our finding that Matthews' claims against the governmental defendants for wrongful imprisonment/arrest have prescribed. In his original and amending petitions plaintiff asserted a claim for wrongful prosecution, which also has a one-year prescriptive period. As noted by this court in Hampton v. Kroger Company, 27,073 (La.App.2d Cir.06/21/95), 658 So.2d 209, writ denied, 95-2140 (La.01/05/96), 666 So.2d 298, citing De Bouchel v. Koss Construction Company, 177 La. 841, 149 So. 496 (1933), a cause of action for false imprisonment, which includes a claim for false arrest, arises on the day upon which the plaintiff is imprisoned and released. On the other hand, a cause of action for wrongful or malicious prosecution does not arise until the termination of the prosecution. Walls v. State of Louisiana, 95-1133 (La.App. 3d Cir.01/31/96), 670 So.2d 382, writ denied, 96-0507 (La.12/13/96), 692 So.2d 368.
An appellate court may, on its own motion, notice the failure of a petition to state a cause of action. La. C.C.P. art. 927; Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984); Eubanks, v. State, DOTD, 620 So.2d 954 (La.App. 3d Cir.1993), writs denied, 629 So.2d 351, 353 (La.1993). One of the key elements in a suit based on malicious prosecution is a bona fide termination of the criminal proceedings in favor of the plaintiff. Banks v. Brookshire Brothers, Inc., 93-1616 (La.App. 3d Cir.06/01/94), 640 So.2d 680.[6] In his pleadings, plaintiff alleged that he was convicted of two counts of remaining after being forbidden. Plaintiff further alleged that these convictions have been appealed and are pending resolution. This is not a termination of the criminal proceedings favorable to the plaintiff and therefore, his petition fails to state a cause of action for wrongful prosecution. See Montalvo v. Sondes, 93-2813 (La.05/23/94), 637 So.2d 127; Milling, Benson, Woodward, Hillyer, Pierson and Miller, L.L.P. v. American Marine Holding Company, 98-1462 (La.App. 4th Cir.03/03/99), 729 So.2d 139, writ denied, 99-0937 (La.05/28/99), 743 So.2d 678; Gardner v. Cornett, 506 So.2d 967 (La. App. 3d Cir.1987), writ denied 511 So.2d 1155 (La.1987).

Conclusion
For the reasons set forth above, we reverse that portion of the trial court's *521 judgment denying defendants' exception of prescription and render judgment as follows. The exception of prescription as to plaintiff's claims against defendants-applicants, the City of Bossier City and officers (Kathy L. Powell, L. "Trey" Smith, Brandon S. Huckaby, April Culpepper, W.R. Scott, and Edward Joseph) for wrongful imprisonment and arrest is hereby sustained and these claims are dismissed. Plaintiff's petition fails to state a cause of action for malicious prosecution and this claim is dismissed as to these defendants as well. Costs of this writ are assessed to plaintiff-respondent, Randall Glen Matthews.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS and LOLLEY, JJ.
Rehearing denied.
GASKINS and PEATROSS, JJ., would grant rehearing.
NOTES
[1] In a supplemental opposition brief filed with this court, plaintiff's counsel has alleged that Matthews' convictions were reversed on appeal on October 6, 2006, but we find no evidence in the record to support this assertion.
[2] Officer April Culpepper, W.R. Scott, and Edward Joseph.
[3] The Louisiana Riverwalk, L.L.C., owners and operators of the Boardwalk development, Securitas, the Boardwalk's private security contractor, and three Securitas employees.
[4] The proper procedural method was not an exception of insufficient service but a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C). See Filson v. Windsor Court Hotel, 04-2893 (La.06/29/05), 907 So.2d 723, in which the supreme court distinguished the motion for involuntary dismissal under La. C.C.P. art. 1672 from the exception of insufficiency of citation or service, and held that a dismissal for failure to timely serve a governmental defendant under La. R.S. 13:5107(D) should only be made upon a proper motion pursuant to La. C.C.P. art. 1672(C), not on a declinatory exception of insufficiency of service.

In the instant case, the City and Officers Powell, Smith, and Huckaby filed a declinatory exception of insufficiency of service of process instead of a motion to dismiss for failure to request service within 90 days as required by La. R.S. 13:5107(D)(2) and La. C.C.P. art. 1672(C). Clearly, defendants should have raised the issue of plaintiff's failure to timely serve the first petition upon them via an article 1672(C) motion to dismiss instead of a declinatory exception of insufficiency of service of process. However, this issue was not raised by plaintiff and, in the interests of judicial economy because the result would be the same regardless of the procedural vehicle used by defendants to assert this procedural defect, we turn to the issue raised by defendants in their writ application.
[5] Matthews' claim for wrongful prosecution will be addressed separately.
[6] The elements of a cause of action for malicious prosecution are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Jones v. Soileau, 448 So.2d 1268 (La.1984); Hope v. City of Shreveport, 37,759 (La.App.2d Cir.12/17/03), 862 So.2d 1139.