NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-857

LINDA SPROWL

VERSUS

CARRIE LOU TAYLOR, ET AL.

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-78487, DIV. B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

Steven D. Crews
Corkern & Crews, L.L.C.
P. O. Box 1036
Natchitoches, LA 71457-1036
(318) 352-2302
Counsel for Defendant/Appellee:
Carrie Lou Taylor

John W. Luster
Luster & Connie, LLP
P.O. Box 1209
Natchitoches, LA 71457-1209
Counsel for Defendants/Appellees:
Marteel DeBlieux
Exchange Bank & Trust Company

Jeffrey Howerton Thomas
Thomas Law firm
P. O. Drawer 548
Natchitoches, LA 71458-0548
(318) 352-6455
Counsel for Defendants/Appellees:
Kent Gresham
Bayou City Restaurants, Inc. d/b/a
The Landing Restaurant

Linda Sprowl
In Proper Person
5426 Meadowcreek, #1046
Dallas, TX 75248

**EZELL, JUDGE.**

In this matter, Linda Sprowl appeals the decision of the trial court dismissing her motion for nonsuit and granting exceptions of no cause of action and prescription in favor of Carrie Lou Taylor, Marteel DeBlieux, Exchange Bank and Trust Company, Kent Gresham and Bayou City Restaurants, Inc., D/B/A The Landing Restaurant (hereinafter referred to collectively as the Defendants). For the following reasons we affirm the decision of the trial court.

This case concerns the facts and circumstances surrounding a class reunion held in Natchitoches in May of 1997 and the handling of related funds. Ms. Sprowl was one of the organizers of the class reunion. After the event, a dispute arose relating to Ms. Sprowl's handling of funds for the class reunion. Ms. Sprowl was accused of misappropriating most of the event's funds in a letter signed by several of her classmates. In response, she filed suit on June 15, 1998, against numerous individuals involved with the class reunion for slander and other related claims. On July 30, 1998, the Defendants filed a class action petition in the Tenth Judicial District Court in Natchitoches Parish, Louisiana, for an accounting and damages for breach of fiduciary duty against Ms. Sprowl. On September 17, 1999, the Louisiana trial court ruled in favor of the Defendants and against Linda Sprowl. Thereafter, the Texas court dismissed Linda Sprowl's claims filed there based on collateral estoppel. This decision was affirmed by a Texas Court of Appeal.

Ms. Sprowl filed the present suit on September 19, 2005, seeking damages from the Defendants, alleging that they suppressed evidence, obstructed justice, and committed fraud, aggravated perjury and malicious prosecution, based on fabricated facts in regards to the Louisiana litigation described above and seeking to set aside the default judgment that was obtained at that time. The Defendants filed exceptions

1

of no cause of action and prescription, which were granted by the trial court. After the granting of these dispositive exceptions, Ms. Sprowl filed a motion for nonsuit, seeking to have the suit dismissed without prejudice. The trial court denied this motion. From these decisions, Ms. Sprowl appeals.

Rule 2-12.4 of the Louisiana Uniform Rules--Court of Appeal requires an appellant's brief to comply with certain requirements. The brief must include, among other things, "a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case . . . .giving accurate citations of the pages of the record and the authorities cited . . . ." Rule 2-12.4 further provides that "[a]ll specifications or assignments of error must be briefed." If they are not briefed, "[t]he court may consider as abandoned any specification or assignment of error which has not been briefed."

In the instant case, Ms. Sprowl has filed a *pro se* brief, which does not comport with the requirements of Rule 2-12.4, and it is unclear to us what her specific assignments of error are. It is clear, however, that she does not think that the judgment of the trial court was correct. Because Ms. Sprowl is representing herself, we will examine the record using the applicable standard of review to determine whether the judgment of the trial court was reasonable in light of the record in its entirety.

## Defendants' Exceptions

Judgment in the first Louisiana suit was signed on September 17, 1999. The present suit was filed on September 19, 2005, six years after the judgment was rendered. It is clear to this court that Ms. Sprowl is seeking to annul the September 17 judgment and have that judgment set aside based on alleged ill practices and/or

2

fraud in obtaining the judgment. Unfortunately for her, the peremptory period within which such a petition based on allegations of ill practices or fraud must be filed is one year from the discovery by the plaintiff in the nullity action of the fraud or ill practices. Upon expiration of that time because it is a preemptive period, the claim is lost and no longer exists.

The record indicates that Ms. Sprowl was aware of the trial and the judgment which was rendered, as well as of the proof and evidence submitted at that trial.[1] It is evident that Ms. Sprowl failed to timely seek to have that judgment annulled or set aside and has thus lost the right to do so. Consequently, the exception of no cause of action granted by the trial court was appropriate. *Russland Enterprises, Inc. v. City of Gretna,* 98-676 (La.App. 5 Cir. 1/26/99)*, 727 So2d 1223, *writ denied*, 99-980 (La. 5/28/99), 743 So.2d 669.

The trial court also found that all other claims for damages in the present suit were tort claims which should have been brought within one year of the alleged wrong doing and that these claims have consequently prescribed. La.Civ. Code Article 3492. We agree. Her remaining claims concern actions which took place in 1997 but were not set forth until 2005. As these claims have clearly prescribed, we likewise agree with the decision of the trial court granting the Defendants' exception of prescription.

**Motion for Nonsuit**

Ms. Sprowl moved for nonsuit on August 31, 2006, in order to "[restore] matters to status prior to suit and [leave her] free to come again," essentially requesting the trial court for a voluntary dismissal without prejudice, after the trial

---

[1] Moreover, she claims she discovered alleged evidence of fraud two years after the 1999 trial. Even accepting this assertion as true on its face, her claim still would have become preempted in 2002, three years before she filed the present action.

court granted the Defendants' exceptions. The trial court denied Ms. Sprowl's motion for nonsuit.

"[T]he trial court is granted wide discretion as to the dismissal of a suit without prejudice after the defendant has appeared, and the court's determination will not be set aside absent a clear abuse of that discretion." *Borrello v. City of Kenner,* 99-420, p.3 (La.App. 5 Cir. 11/30/99), 750 So.2d 230, 232. According to La. Code Civ.P. art. 1671:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

Pursuant to this article, "The court cannot dismiss an action without prejudice, after the defendants have made an appearance of record, if substantive rights of the defendant would be lost by the dismissal or if the dismissal would deprive the defendant of a just defense." *Mowad v. General Motors Corp.,* 02-1189, p.2 (La.App. 3 Cir. 3/5/03), 839 So.2d 1089, 1091.

In the case at bar, by the time Ms. Sprowl moved for nonsuit, this case had been in litigation for almost a year. All Defendants had made appearances, answered, and, further, had filed dispositive exceptions. Defendants' exceptions had been heard, and the trial court had ruled upon them by the time Ms. Sprowl sought a dismissal without prejudice. Based on the facts set forth in the record before this court, it was well within the trial court's discretion to deny Ms. Sprowl's motion, and such judgment was correct.

The Defendants all answered seeking attorney fees for frivolous appeal. It is clear to this court that Ms. Sprowl's claims and appeal have no merit whatsoever and are being made simply to continue her harassment of the Defendants. However, as

4

none of the Defendants timely filed their answers to her appeal, we may not grant them attorney fees in this instance.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Ms. Sprowl.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.