JAMES F. McKAY III, Judge.
hln this case, which stems from a medical malpractice action, the plaintiff, John Poullard, appeals the trial court’s maintaining of an exception of no cause of action in favor of the defendant, the Louisiana State Board of Medical Examiners. We affirm.
FACTS AND PROCEDURAL HISTORY
John Poullard is a prisoner at Angola State Penitentiary. While at Angola, Mr. Poullard was treated by Dr. M. Pittman for some type of stomach ailment. Mr. Poullard alleged that Dr. Pittman failed to follow up on his treatment and as a result certain complications developed. There *395 fore, he brought a medical malpractice action against Dr. Pittman. Dr. Pittman filed a motion for summary judgment. In support of the motion, Dr. Pittman supplied the affidavit of Dr. Jo Ann Alley to establish that he did not breach the standard of care. The trial court granted Dr. Pittman’s motion for summary judgment and Mr. Poullard’s action against him was dismissed.
| gDuring the pendency of his medical malpractice case, Mr. Poullard filed a complaint with the Louisiana State Board of Medical Examiners alleging that Dr. Alley violated the Louisiana Medical Practice Act, La. R.S. 37:1261 et seq., by filing an improper affidavit. The Board concluded there was no evidence of a violation of the Medical Practice Act.
On September 24, 2008, Mr. Poullard filed suit against the Board and Lester St. Amant, a Board employee. Mr. Poullard alleged that that he suffered damages because the Board did not intercede on his behalf and force Dr. Alley to change her affidavit to something favorable to his position. In response, Mr. St. Amant and the Board filed an exception of no cause of action. Thereafter, Mr. Poullard filed several amended and supplemental petitions. On April 12, 2010, the trial court overruled the exception as to the board. The Board then filed a motion for new trial on the overruling of the exception of no cause of action. All of the defendants filed additional exceptions to Mr. Poullard’s supplemental and amended petition. The motion and exceptions were heard on June 25, 2010. On August 30, 2010, the trial court sustained the exceptions of no cause of action as to all defendants. This judgment was not appealed.
Prior to the August 30, 2010 judgment, Mr. Poullard filed several more supplemental and amending petitions to which the defendants filed additional exceptions. These exceptions were heard on October 20, 2010 and the trial court granted the exceptions as to all defendants on November 17, 2010. The trial court’s November 17, 2010 judgment stated that “all supplemental and amended |,^petitions filed by Plaintiff, John Poullard are DISMISSED with Prejudice.” Mr. Poullard did not file a motion for a new trial or appeal from this judgment.
On November 23, 2010, Mr. Poullard filed another supplemental and amended petition. In response, the defendants again filed an exception of no cause of action. A hearing on the exception was held on January 28, 2011 and the trial court sustained the exception on April 12, 2011. On May 5, 2011, Mr. Poullard filed a notice of appeal as to this judgment.
DISCUSSION
On appeal, Mr. Poullard complains about the trial court’s judgments of August 30, 2010; November 17, 2010; and April 12, 2010. Mr. Poullard did not file a motion for a new trial or a notice of appeal as to the judgments of August 30, 2010 or November 17, 2010. The dismissal of a case based upon a peremptory exception of no cause of action is a final judgment and failure to appeal creates a legal bar to any further action. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La.1993). Accordingly, the only judgment before this Court is the trial court’s April 12, 2010 judgment, which granted the defendants’ exceptions of no cause of action.
In review of a trial court’s sustaining of an exception of no cause of action, the appellate court should undertake a de novo review. City of New Orleans v. Board of Comm’rs, 93-0690 (La.7/5/94), 640 So.2d 237; Hoskin v. Plaquemines Parish Govt., 98-1825 (La. App. 4 Cir. 8/4/99), 743 So.2d 736. The *396 function of the peremptory exception of no cause of action is to determine whether the petition sufficiently 14alleges grievances for which the law affords a remedy. Rutledge v. Hibernia Corp., 2000-0674, pp. 1-2 (La. App. 4 Cir. 1/16/02), 808 So.2d 765, 766. The mere conclusions of the pleader unsupported by facts does not set forth a cause of action. Milling, Benson, Woodward, Hillyer, Pierson and Miller L.L.P. v. American Marine Holding Co., 98-1462 (La.App. 4 Cir. 3/3/99), 729 So.2d 139.
In the instant case, Mr. Poullard fails to sufficiently allege grievances for which the law affords a remedy. His mere conclusions and opinions do not set forth any factual or legal basis for a cause of action against the Board or the other defendants.
The Board and its employees are immune from liability for its actions and the performance and exercise of their duties, powers and functions. La. R.S. 37:1287 A provides:
There shall be no liability on the part of and no action for damages against any member of the board, or its agents or employees, or any member of an examining committee of physicians appointed or designated by the board, for any action undertaken or performed by such person within the scope of the duties, powers, and functions of the board or such examining committee as provided for in this Part when such person is acting without malice and in the reasonable belief that the action taken by him is warranted.
La. R.S. 37:1287 A.
Statutory immunity from liability for damages provides a basis to dismiss a cause of action through an exception of no cause of action. See Freeman v. State, 2007-1555 (La.App. 4 Cir. 4/2/08), 982 So.2d 903. In that ease, this Court upheld a dismissal through an exception of no cause of action, utilizing the immunity provision of the Homeland Security and Emergency Assistance and Disaster Act. The immunity provision of the Medical Practice Act equally applies in this case. |BMr. Poullard did not plead any facts that demonstrate that the Board or its employees or agents acted with malice toward him or undertook some intentional act to harm him. Without factual allegations to establish malice or unreasonableness, Mr. Poullard cannot avoid the immunity provision of the Medical Malpractice Act for the Board and its employees. Accordingly, Mr. Poullard’s claims against the defendants were properly dismissed.
CONCLUSION
For the above and foregoing reason, we affirm the judgment of the court below.
AFFIRMED