# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-923

SUCCESSION OF

RAY E. ROMERO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 22906
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Ian A. Macdonald**
**Jones Walker LLP**
**600 Jefferson Street, Suite 1600**
**Lafayette, Louisiana 70501**
**(337) 593-7617**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Douglas E. Waters**

**Tyler J. Rench**
**Jones Walker LLP**
**201 St. Charles Ave., Suite 5100**
**New Orleans, LA 70170**
**(504) 582-8336**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Douglas E. Waters**

**Raymond A. Beyt**
**Aaron D. Beyt**
**P.O. Box 52157**
**Lafayette, LA 70503**
**(337) 233-6771**
**COUNSEL FOR PLAINTIFFS-APPELLEES**
     **Clifford Gerard Ellender, et. al.**

**Clifford Gerard Ellender, et al.**
**c/o Larry Lovas**
**216 Kees Circle**
**Lafayette, LA 70506**
**PRO SE PLAINTIFFS-APPELLEES**
     **Clifford Gerard Ellender, et al.**

**Porteus R. Burke**
**Burke & Cestia**
**P. O. Box 10337**
**New Iberia, LA 70562-0337**
**(337) 365-6628**
**COUNSEL FOR OTHER APPELLEE:**
     **Carolyn Romero Rink**

**SAVOIE, Judge.**

In connection with this court's docket number 18-923, the Defendant-Appellant Douglas Waters ("Mr. Waters"), who is the Executor of the Succession of Ray Romero, appeals the trial court's judgment dismissing Plaintiffs' Petition for declaratory relief without prejudice, arguing that the Petition should have been dismissed with prejudice. For the following reasons, we affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The decedent, Ray Romero passed away on November 13, 2016. On October 20, 2017, a group of eighteen of Mr. Romero's purported nieces and nephews ("Plaintiffs") filed a Petition for Declaratory Judgment concerning their inheritance rights with respect to Mr. Romero's estate. They named as Defendants, Mr. Waters, individually and as Executor of Mr. Romero's succession, and Carolyn Rink, who was Mr. Romero's only biological child and born of Mr. Romero's first marriage. Plaintiffs further alleged that after Mr. Romero's first marriage ended, Mr. Romero married Martha Waters Romero. Mr. Romero and Martha did not have any biological children together, however, Martha had two children from prior relationships: Mr. Waters, who is the Executor herein, and Virginia Waters Johnson.

In their Petition, Plaintiffs further alleged that Mr. Romero died testate, noting a Will dated October 14, 1993 ("the Will"), which left Mr. Romero's assets to the Trustees of the Romero Living Trust of 1991 ("the 1991 Trust"). However, according to Plaintiffs, the 1991 Trust terminated pursuant to a document dated September 17, 2007. They also alleged that Martha had predeceased Mr. Romero and the Will disinherited Ms. Rink. Therefore, according to Plaintiffs, Mr. Romero's estate should be divided among them as the surviving children of Mr. Romero's four

---

[1] We do not consider at this time the merits of docket numbers 18-924 and 18-982, which have been consolidated herewith, per the request of counsel who have noted a potential settlement.

deceased siblings pursuant to the rules of intestacy. According to Plaintiffs, the only estate asset is a Merrill Lynch account, which was formerly held in the 1991 Trust, but had been returned to Mr. Romero by virtue of the termination and distribution of the 1991 Trust property on September 1, 2007. Both Mr. Waters and Ms. Rink filed separate Answers to Plaintiffs' Petition.

On March 16, 2018, Mr. Waters filed a Motion for Summary Judgment seeking dismissal of Plaintiffs' Petition with prejudice insofar as it sought a determination that the Merrill Lynch account was part of Mr. Waters' estate. He argued that the account and its proceeds were property of The Romero Living Trust of 2007 ("the 2007 Trust"), which replaced the 1991 trust. Mr. Waters further described the various transactions that replaced the 1991 Trust with the 2007 Trust and transferred the Merrill Lynch Account to the 2007 Trust. He also noted that after Mr. Romero passed away on November 13, 2016, he was named Executor at the time of probate in March 2017 in accordance with the Will, and under the terms of the 2007 Trust, he also became the successor trustee and liquidated the Merrill Lynch account. Mr. Waters' Motion for Summary Judgment also sought dismissal of Plaintiffs' claims arguing that "the small amount of property owned by the estate" could not be distributed to Plaintiffs because "they have not sufficiently proven their relatedness to the decedent[.]" Mr. Waters did not seek a hearing date with respect to his Motion for Summary Judgment, no hearing date was set, and Plaintiffs did not file any opposition thereto.

On May 8, 2018, Plaintiffs submitted a Motion and Order to Dismiss, seeking the voluntary dismissal of their action without prejudice. Mr. Waters filed an opposition on May 9, 2018, arguing that Plaintiffs' Petition should be dismissed with prejudice, rather than without prejudice. The trial court signed an order on May 11, 2018, granting Plaintiffs' motion and dismissing their Petition without prejudice.

2

Mr. Waters appeals. In his sole assignment of error, he states: "The Trial Court abused its discretion when it dismissed [Plaintiffs'] petition *without* prejudice in the face of a then-pending Motion for Summary Judgment, which sought dismissal of the same petition *with* prejudice."

## ANALYSIS

Louisiana Code of Civil Procedure Article 1671 states as follows with respect to a voluntary dismissal:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

"After the defendant has appeared, the trial judge has wide discretion to dismiss without prejudice, and such a decision will not be set aside absent clear abuse of discretion. In short, [La.Code Civ.P. art.] 1671 leaves to the discretion of the trial court the decision to dismiss without prejudice." *LaRocca v. Bailey*, 01-618, p. 11 (La.App. 3 Cir. 11/7/01), 799 So.2d 1263, 1270 (internal citations omitted). The "only rule which must be followed by the court in the exercise of its discretion" is that it "cannot dismiss an action without prejudice, after the defendants have made an appearance of record, if substantive rights of the defendant would be lost by the dismissal or if the dismissal would deprive the defendant of a just defense." *Mowad v. General Motors Corp.*, 02-1189, p. 2 (La.App. 3 Cir. 3/5/03), 839 So.2d 1089, 1091.

Mr. Waters argues on appeal that dismissal of Plaintiffs' claims without prejudice deprives him "of the opportunity to defend against the claims in a timely and efficient manner." He further argues that "[i]n the face of a motion or exception that threatens to permanently end a plaintiff's case, a plaintiff is not permitted to

3

avoid responding by voluntarily dismissing his case and reserving the right to re-file at a later date." (footnote omitted). In support of this argument, Mr. Waters cites to *Borrello v. City of Kenner*, 99-420 (La.App. 5 Cir. 11/30/99), 750 So.2d 230; however, we conclude that *Borrello* does not support Mr. Water's argument.

In *Borrello*, the plaintiffs filed a petition on July 1, 1997, arising out of a July 3, 1996 accident wherein a child was injured on a playground. The plaintiffs named the City of Kenner and the Recreational Director of the City of Kenner as Defendants, but asked that service be withheld. The City was not served until July 9, 1998. The defendants responded with prescription exceptions, arguing that under then-applicable La.R.S. 13:5107(D), dismissal was appropriate because the plaintiffs had failed to serve the City within ninety days of filing the petition. However, on the day prior to the scheduled hearing on the exceptions, the plaintiffs instituted a second action nearly identical to the first, but this time requested service on the City. The day after filing the second action, the trial court allowed the plaintiffs to voluntarily dismiss their first action without prejudice. The defendants filed res judicata and prescription exceptions in the second action, which were denied. The defendants appealed the voluntary dismissal, and their supervisory writ application regarding the denials of their exceptions in the second action was consolidated with their appeal.

In finding that the trial court abused its discretion in granting the plaintiffs' motion for voluntary dismissal of the first action, it noted that the timeliness of the first action directly affected the timeliness of the second action. The second action was prescribed on its face, and its timeliness was dependent upon a determination that the first action had interrupted the prescriptive period. As noted by the *Borrello* court, had the defendants obtained a judgment of dismissal in the first action due to untimely service, the first action would not have been deemed to interrupt

4

prescription as specifically set forth in then-applicable La.R.S. La.R.S. 13:5107(D), and the second action would be prescribed. Therefore, the *Borrello* court found that the voluntary dismissal deprived the defendants of a prescription defense in the second action.

Contrary to Mr. Waters' assertion, *Borrello* does not state that it is an abuse of discretion for a trial court to grant a voluntary dismissal without prejudice when a motion or exception that would otherwise end the litigation is pending. Rather, the *Borrello* court found that the voluntary dismissal was improper because it deprived the defendants of a prescription defense. In the instant case, Mr. Waters does not allege that the voluntary dismissal of Plaintiffs' claims deprives him of a prescription defense, or any other defense; therefore, we find *Borrello* is inapplicable. Instead, Mr. Waters is concerned that Plaintiffs may file the same claim for declaratory relief in the future. However, the mere possibility that Plaintiffs may seek declaratory relief in the future is not a basis for us to find an abuse of discretion on the part of the trial court when there has been no showing that Mr. Waters would be deprived of any defense or substantive rights. Therefore, we affirm the ruling of the trial court.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's ruling in this matter. Costs of this appeal are assessed to Defendant-Appellant, Douglas Waters.

**AFFIRMED.**

5