Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,628-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| MARION D. JONES | Plaintiff-Appellant |

versus

| | |
|---|---|
| STEVE PRATOR, SHERIFF, ET AL. | Defendant-Appellee |

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 578,161-A

Honorable Ramon Lafitte, Judge

* * * * *

| | |
|---|---|
| MARION D. JONES | In Proper Person |
| PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, LLP By: Joseph S. Woodley | Counsel for Appellee |

* * * * *

Before PITMAN, STONE, and STEPHENS, JJ.

**PITMAN, C. J.**

Plaintiff Marion D. Jones appeals the dismissal of his suit for wrongful arrest after Defendant Caddo Parish Sheriff Steve Prator's ("Sheriff") peremptory exception of prescription was sustained. For the following reasons, we affirm.

## FACTS

In July 2007, Plaintiff was arrested in Bossier Parish for contributing to the delinquency of a minor in Docket Nos. 162,092 and 162,093. He pled guilty in Docket No. 162,092 and received a sentence of six months in the parish jail, suspended, a fine of $500 and court costs, in default of which he was to receive 30 days in the parish jail. He received the same sentence in Docket No. 162,093. As a result of his guilty plea, Plaintiff was not required to register as a sex offender.

On or about September 14, 2012, Plaintiff was arrested by the Sheriff on an arrest warrant for the charges of possession of marijuana and failure to register as a sex offender. He had to procure counsel and bail at great cost.

On or about January 24, 2013, Plaintiff was arrested for a second time on the same charges and again had to procure bail and hire legal counsel. As a result of this second arrest, he lost his job, was evicted from his residence and suffered severe financial hardship and emotional distress.

Plaintiff's attorney filed a motion to quash the two bills for failure to register as a sex offender. On February 15, 2013, the district court judge granted the motion to quash and dismissed the charges of failure to register as a sex offender on the basis that Defendant was not required by law to register as a sex offender when he pled guilty to the charges in Bossier Parish.

In August 2013, Plaintiff conferred with his attorney regarding his two prior arrests on those charges and the impact the quashed arrests had on his life. It was during this conversation that he allegedly became aware that had the Caddo Parish Sheriff's Office employees reviewed the minutes of his Bossier Parish guilty plea, they would have known that he was not required to register as a sex offender.

On July 15, 2014, Plaintiff filed a complaint against the Sheriff alleging he had twice been wrongfully arrested for failure to register as a sex offender and for possession of marijuana on September 14, 2012, and January 24, 2013. He alleged that he had to procure bonds and suffered other financial losses as a result of these wrongful and negligent arrests. He prayed for punitive damages in the amount of $25,000 and compensatory damages of $4,395 for the Sheriff's failure to "classify said warrant of failure to register as a Sex Offender and Possession of Marijuana September 2012."

In September 2014, the Sheriff filed an exception of prescription and no cause of action alleging any legal action that resulted from either arrest, with the latest arrest being made on January 24, 2013, prescribed long before the petition was filed on July 15, 2014.

Plaintiff filed a first amending and supplemental petition alleging that it was not until he met with counsel in August 2013 that he realized his original cases in Bossier Parish were misdemeanors and that registry as a sex offender was not necessary. He argued that his ignorance of his cause of action against the Sheriff meant that prescription did not begin to run until August 2013, and his petition was timely filed in July 2014.

On May 21, 2018, a hearing was held in Caddo Parish on the exception of prescription and failure to state a cause of action. The Sheriff was represented by counsel, and Plaintiff appeared in proper person. The trial court ruled that Plaintiff's time limit for filing suit had prescribed and that his argument that he was unaware of his cause of action until August 2013 was without merit. The trial court stated that no man can avail himself of the excuse of ignorance of the law. The exception of prescription was sustained and Plaintiff's case dismissed.

Plaintiff appeals.

**DISCUSSION**

Plaintiff argues that the prescriptive period on his claim did not begin to run until he had knowledge that the Sheriff had caused him to be wrongfully arrested twice because he only became aware of his claim when he spoke to his attorney in August 2013. He contends that prescription did not run until August 2014 and that his petition of July 2014 was timely. He invokes the theory of *contra non valentem* and asserts that prescription does not run against a person who is unaware of the existence of his claim. For that reason, he argues that his petition filed July 15, 2014, was timely.

The Sheriff argues that the one-year prescriptive period began to run on the date the motion to quash the two bills was granted in Caddo Parish on February 13, 2013. He contends the prescriptive period would have expired on February 13, 2014, and that Plaintiff's petition was not filed until July 2014, and, thus, was prescribed. He argues that *contra non valetem* is inapplicable to the case at bar and that the trial court correctly sustained the peremptory exception of prescription.

Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. This prescription commences to run from the day injury or damage is sustained. *Id*. Prescription runs against all persons unless exception is established by legislation. La. C.C. art. 3467. No one may avail himself of ignorance of the law. La. C.C. art. 5.

Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. *Holmes v. Lee*, 35,021 (La. App. 2 Cir. 9/28/01), 795 So. 2d 1232. However, when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff relies upon a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. *Id*. A cause of action for false imprisonment, which includes a claim for false arrest, arises on the day upon which the plaintiff is imprisoned and released. *Matthews v. City of Bossier City*, 42,202 (La. App. 2 Cir. 8/15/07), 963 So. 2d 516. On the other hand, a cause of action for wrongful or malicious prosecution does not arise until the termination of the prosecution. *Id*.

The doctrine of *contra non valentem* is based on the equitable notion that no one is required to exercise a right when it is impossible for him to do so. *Harvey v. Dixie Graphics, Inc.*, 593 So. 2d 351 (La. 1992*); Thornton v. City of Shreveport*, 38,025 (La. App. 2 Cir. 1/28/04), 865 So. 2d 242, *writ denied*, 04-0469 (La. 4/8/04), 870 So. 2d 273. The doctrine is an exception to the general rule of prescription. *Thornton*, *supra*. It applies only in "exceptional circumstances." *Id.*

The Louisiana Supreme Court has recognized four specific situations to which the doctrine of *contra non valentem* applies so as to prevent the running of liberative prescription: 1) Where there was some legal cause

4

which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's actions; 2) Where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; 3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or 4) Where the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance is not induced by the defendant. *Thornton*, *supra*, *citing Renfroe v. State ex rel. Dep't of Transp. & Dev.,* 01-1646 (La. 2/26/02), 809 So. 2d 947.

This principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect, i.e., a plaintiff will be deemed to know what he could by reasonable diligence have learned. *Corsey v. State, Through Dep't of Corr.,* 375 So. 2d 1319 (La. 1979).

Plaintiff filed his petition in July 2015 and claimed that his arrests for failure to register as a sex offender in September 2012 and January 2013 were unlawful and caused him damages. These arrests were quashed by the trial court in February 2013. A cause of action for wrongful or malicious prosecution arises upon the termination of the prosecution. Thus, Plaintiff's cause of action began to prescribe in February 2013, when the trial court granted the motion to quash the two arrests. Plaintiff's cause of action prescribed in February 2014. Thus, his petition filed on July 15, 2014, was prescribed on its face. Plaintiff failed to meet his burden of proof that his cause of action had not prescribed by the time he filed his petition.

*Contra non valentem* is inapplicable to this case, and the trial court properly sustained the exception of prescription and dismissed Plaintiff's

5

case.  As the trial court found, no one may avail himself of ignorance of the law.

This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription of Caddo Parish Sheriff Steve Prator and dismissing the case of Plaintiff Marion D. Jones is affirmed.  Noting that Plaintiff has been granted pauper status, costs of this appeal are assessed in accordance with La. C.C.P. art. 5188.

**AFFIRMED.**