358 So.2d 340 (1978)
Reginald D. WILLIAMS
v.
Arthur SCHEINUK and General Accident Insurance Company.
No. 9019 Consolidated with No. 9020.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
*341 Douglas J. St. Romain, New Orleans, for plaintiff-appellee.
Monte J. Ducote, New Orleans, for General Acc. Fire and Life Assur. Corp., Ltd., defendant-appellee.
Phillip S. Brooks, City Atty., Allen C. Hope, Jr., Asst. City Atty., for City of New Orleans, intervenor-appellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
The City of New Orleans has appealed a summary judgment dismissing its intervention in Civil District Court Proceeding No. 597-042 entitled "Reginald D. Williams v. Arthur Scheinuk and General Accident Insurance Company."
Eleven days after plaintiff and the defendants filed a joint motion to dismiss with prejudice the principal demand for damages which they had compromised, the City filed a petition to have recognized its privilege on the damages recovered to the extent it had paid compensation benefits.[1]
C.C.P. art. 1039 requires that the incidental demand be filed prior to the dismissal of the suit in order to be unaffected by the dismissal.
The case was consolidated with another suit by Roy LaFleur,[2] a co-worker of plaintiff, injured in the same accident. Again the City paid compensation and filed a petition of intervention asserting its privilege for reimbursement for compensation payments against LaFleur's recovery. That petition was filed before the joint motion to dismiss with prejudice was filed by plaintiff and defendants. The City argues that because of the consolidation the petition of intervention in the LaFleur case, which was filed prior to the motion to dismiss in the instant case, also served to assert the incidental demand for reimbursement in both cases.
We disagree. The consolidation of these two cases did not in anywise enlarge or decrease the rights of the litigants in the prosecution of or the defense against the claims asserted. Procedural or substantive rights peculiar to one case are not rendered applicable to the companion suit by the mere fact of consolidation. Each case must stand on its own merits. Consolidation only effects an expeditious adjudication of common issues of law or fact presented in two *342 or more cases. The timely filed petition of intervention limits the claim for reimbursement to the LaFleur situation.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Petition for damages filed August 12, 1975. Joint motion to dismiss filed December 19, 1975. Petition of intervention filed by City of New Orleans on December 30, 1975.
[2] Civil District Court, Parish of Orleans, Docket No. 597-814.