886 So.2d 648 (2004)
Pamela Noel Godfrey CALI, Individually and as Natural Tutrix for her Minor Child, Cassidy Grace Cali
v.
Denacua CORY, National Automotive Insurance Company, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Insurance Company.
No. 2004-C-1227.
Court of Appeal of Louisiana, Fourth Circuit.
November 3, 2004.
Rehearing Denied November 30, 2004.
*649 Nat G. Kiefer, Jr., Kris P. Kiefer, Kiefer & Kiefer, Metairie, LA, for Plaintiffs/Respondents.
Charles C. Foti, Jr., Attorney General of Louisiana, David P. Bains, Assistant Attorney General, Louisiana Department of Justice, Litigation Division, New Orleans, LA, for Defendant, State of Louisiana Through the Department of Transportation and Development.
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.)
MAX N. TOBIAS, JR., Judge.
We grant the application for supervisory writs of review filed by the State of Louisiana, through the Department of Transportation and Development ("DOTD"), to review a trial court judgment interpreting La. R.S. 13:5107 D. For the following reasons, we affirm.
On 10 March 2000, Pamela Noel Godfrey Cali ("Ms. Cali"), individually and as natural tutrix for her minor child, Cassidy Grace Cali, filed suit for survival damages and the wrongful death of Michael Thomas Cali ("Mr. Cali"). Mr. Cali had died in an automobile/ motorcycle accident on 30 October 1999. Ms. Cali initially named as defendants Denacua Cory, the driver of the automobile that is alleged to have failed to yield the right of way to Mr. Cali and struck his motorcycle; Denacua Cory's insurer, National Automotive Insurance Company; State Farm Mutual Automobile Insurance Company, Mr. Cali's uninsured/ underinsured carrier; and State Farm Fire and Casualty Insurance Company, as the excess umbrella carrier of Mr. Cali.
On 25 October 2000, Ms. Cali filed a supplemental and amending petition adding the City of New Orleans, Joe's Bicycle & Lawnmower Shop, Inc., Dixie Brewing Company, Inc., and DOTD as defendants. However, Ms. Cali did not request service of the supplemental and amending petition on DOTD until more than 90 days after the filing thereof. DOTD filed an exception seeking dismissal of Ms. Cali's suit, asserting untimely service, and citing as authority for the dismissal, La. R.S. 13:5107 D; Ms. Cali voluntarily dismissed DOTD without prejudice rather than contesting the issue. DOTD did not object to the voluntary dismissal. On 16 October 2002, Ms. Cali again added DOTD as a party defendant by means of a fourth supplemental and amending petition and she *650 requested service. Service thereof was made within 90 days as required by La. R.S. 13:5107 D. To this fourth supplemental and amended petition, DOTD filed new exceptions of untimely service (asserting the failure to request service upon DOTD within 90 days of initially [i.e., on 25 October 2000] naming it as a defendant) and, alternatively, prescription (asserting DOTD was initially dismissed following a contradictory motion). The trial court denied both exceptions. From this judgment, DOTD files its application asserting the trial court erred in not dismissing Ms. Cali's suit against it.
The relevant provision of our law applicable to this case is La. R.S. 13:5107 D,[1] which states:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue. [Emphasis supplied.]
DOTD asserts that because it was dismissed initially for failure to serve it within 90 days of the filing of the original supplemental and amending petition, prescription continued to run against it; therefore, when Ms. Cali filed the fourth supplemental and amending petition, prescription had run and DOTD must now be dismissed.
Ms. Cali asserts, however, that DOTD is jointly liable with the other alleged tortfeasors. Therefore she claims, under La. C.C. art. 2324 C, suit against one tortfeasor interrupted the prescriptive period against all jointly liable tortfeasors. Consequently, Ms. Cali asserts that the fourth *651 supplemental and amending petition relates back to the filing of her initial suit and is timely, and the original supplemental amending petition is of no moment because she voluntarily dismissed it without prejudice and without objection from DOTD.
In its entirety, La. C.C. art. 2324 states:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in > R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. [Emphasis supplied.]
We hold that La. R.S. 13:5107 D and La. C.C. art. 2324 must be read in pari materia. Our review of Ms. Cali's petition as supplemented and amended asserts a claim of joint liability between DOTD and other tortfeasors. La. C.C. art. 2324A and B specifically makes the alleged tortfeasors in this case jointly liable, not solidary. We agree with DOTD that the dismissal without prejudice of the initial supplemental and amending petition did not interrupt prescription against it.[2] However, we do not construe La. R.S. 13:5107 D so narrowly as to find that a plaintiff may not thereafter reassert a claim against the state, a state agency, a political subdivision, or employee or officer thereof. As long as prescription is interrupted against one joint tortfeasor, it is interrupted against all. See, La. Const. art. XII, § 10; Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La.1978), and its progeny. We agree with the trial court that the fourth supplemental and amending petition related back to the original filing date of the petition on 10 March 2000 and was timely served within 90 days of its filing. We find no language in La. R.S. 13:5107 whereby the legislature intended to exclude the state, state agencies, et cetera, from the provisions of La. C.C. 2324 C. Ms. Cali in her fourth supplemental and amending petition alleges DOTD is a joint tortfeasor; La. C.C. art. 2324C says that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. In this case, the filing of the original suit against one joint tortfeasor interrupted prescription against all joint tortfeasors; DOTD is now alleged to be one of those joint tortfeasors. At the trial of the merits of the plaintiff's case the liability of DOTD will be determined and at that point whether DOTD is jointly liable with any other person will be ascertained.
For the foregoing reasons, we affirm the judgment of the trial court.
WRIT GRANTED; JUDGMENT AFFIRMED.
NOTES
[1] La. R.S. 13:5107 D is similar to La. C.C.P. art 1201, a general law requiring service upon a defendant. La. C.C.P. art. 1201 states:

A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null.
B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
However, we note that La. R.S. 13:5107 D is a special law that applies to the state and state agencies; it controls in the case at bar over La. C.C.P. art. 1201.
[2] A dismissal of a claim without prejudice is by its very nature a determination that the claim is as if never made, especially so when the person asserting the claim voluntarily dismisses it. La. C.C.P. art. 1673