KUHN, J.
 

 l/fhis appeal arises from consolidated medical malpractice suits filed against St. Tammany Parish Hospital Service District No. 2, doing business as Slidell Memorial Hospital (“SMH”), and other qualified health care providers under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41,
 
 et seq.
 

 [1]
 

 The petitions in both suits alleged that SMH committed mal
 
 *937
 
 practice between January 5 and January 14, 2003. The first suit was dismissed as to SMH due to insufficient service of process. In the second suit, the claims asserted against SMH were dismissed with prejudice via a May 1, 2008 judgment, which granted SMH’s peremptory exception raising the objection of prescription. Plaintiffs have appealed this latter judgment. Pursuant to Louisiana Revised Statutes 13:5107, we find that the filing of the first suit did not interrupt or suspend the running of prescription as to plaintiffs’ malpractice claims against SMH, a political subdivision. Thus, the trial court property determined that plaintiffs’ medical malpractice claims against SMH had prescribed by the time the second action was filed.
 

 I. PROCEDURAL AND FACTUAL BACKGROUND
 

 Pursuant to Louisiana Revised Statutes 40:1299.41
 
 et seq.,
 
 plaintiffs, Cheryl Mooney Johnson, Roy W. Mooney, Lola M. Mooney, Julie Mooney Toney, Jerry Wayne Mooney, Charles Morice Mooney, Jeffery Allen Mooney, John Oliver Mooney, and Patricia A. Mooney Perriloux, all individually and on behalf of the Estate of Wilmer R. Mooney, Sr.; and Jerry Lee Graham Mooney, widow of |4Wilmer R. Mooney, filed a complaint with the Louisiana Division of Administration (“DOA”) on January 5, 2004, requesting that a medical review panel be convened to review the treatment provided by Drs. Robert V. Sha-for, Sanjay Raina, Sibaji Shome, and SMH and its employees to Wilmer R. Mooney, Sr.
 
 [2]
 
 The medical review panel issued its opinion on September 11, 2006, and plaintiffs’ counsel received notice of the opinion via certified mail on September 18, 2006.
 

 On December 8, 2006, plaintiffs filed a petition for damages, bearing docket number 2006-16069 “J”, which asserted survival and wrongful death claims based on the alleged negligence of defendants, SMH, Shafor, Raina, and Shome. Therein, plaintiffs requested that service on defendants be withheld. On August 16, 2007, SMH filed a declinatory exception raising the objections of insufficiency of service of process and insufficiency of citation. Shafor and Raina also filed a declinatory exception raising the objection of insufficiency of service of process. Following a December 13, 2007 hearing, the trial court maintained these exceptions in open court. By judgment dated January 8, 2008, the trial court ordered the dismissal without prejudice of plaintiffs’ claims against SMH, Shafor, and Raina.
 

 Plaintiffs filed another suit on December 13, 2007, naming as defendants SMH, Sha-for, and Raina, which set forth identical allegations to those contained in the first petition regarding the negligence of these defendants. This suit bore the docket number 2007-16729 “G”. In response to this second petition, SMH filed a | ^peremptory exception raising the objections of prescription and peremption on January 10, 2008. On March 4, 2008, the trial court granted the plaintiffs’ motion to transfer and consolidate the two suits and ordered the transfer of the suit bearing docket number 2007-16729 “G” to docket number 2006-16069 “J.”
 
 [3]
 
 On May 1, 2008, the trial court granted SMH’s exception raising the objection of prescription and ordered that plaintiffs’ claims against SMH “originally filed in Docket No. 2007-16729 “G[,]” which was subsequently transferred ... and consolidated with the in
 
 *938
 
 stant proceedings [in docket number 2006-16069] are hereby dismissed in their entirety with prejudice^]” Plaintiffs have appealed this judgment, urging the trial court erred in concluding that their claims against SMH have prescribed.
 

 II. ANALYSIS
 

 Louisiana Revised Statutes 9:5628(A) states, in pertinent part:
 

 No action for damages for injury or death against any physician, ... hospital or nursing home duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
 

 (Emphasis added).
 

 The prescriptive period for a medical malpractice claim commences upon the occurrence of the injury when the damages are immediately apparent.
 
 In re Medical Review Panel Proceedings of Ouder,
 
 07-1266, p. 3 (La.App. 1st Cir.5/2/08), 991 So.2d 58, 60. In this case, plaintiffs allege that Mr. Mooney’s | (ideath was caused by the defendants’ negligence during Mr. Mooney’s hospitalization between January 5, 2003, and January 14, 2003. The parties do not dispute that the plaintiffs had one year from January 14, 2003, the date of Mr. Mooney’s death, to file their medical malpractice claims.
 

 Pursuant to La. R.S. 40:1299.47, all medical malpractice claims against qualified health care providers must be reviewed by a medical review panel before suit can be instituted against them. The procedure is initiated by filing a request for review of the claim by a medical review panel with the DOA, which forwards the request to the Patients’ Compensation Fund. La. R.S. 1299.47 A. Louisiana Revised Statutes 40:1299.47 A(2)(a) provides, in pertinent part:
 

 The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, ... until ninety days following notification, by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the medical review panel....
 

 In the present case, plaintiffs filed their request for the formation of a medical review panel with the DOA on January 5, 2004, and the opinion of the medical review panel was delivered to counsel for plaintiffs on September 18, 2006. Therefore, the ninety-day suspension of prescription lapsed on December 17, 2006, and prescription began to accrue again. Because plaintiffs’ complaint was filed with the DOA on January 5, 2004, and the complaint alleged malpractice from January 5, 2003 through January 15, 2003, approximately ten days remained in the prescriptive period when prescription began to accrue on December 18, |72006.
 
 [4]
 
 Thus, because the petition in docket number 2007-16729 was not filed until December 13, 2007, it is prescribed on its face.
 

 Ordinarily, the party pleading prescription bears the burden of proving
 
 *939
 
 the claim has prescribed. When the face of the petition reveals that the claim has prescribed, however, the burden shifts to the plaintiff to demonstrate that the running of prescription was suspended or interrupted.
 
 Lima v. Schmidt,
 
 595 So.2d 624, 628 (La.1992). In this case, plaintiffs bore that burden of proof, and we conclude they did not meet that burden for the following reasons.
 

 The first suit filed against SMH was dismissed for failure to timely request service pursuant to La. R.S. 13:5107 D, which states:
 

 D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
 

 (Emphasis added.)
 

 |sThe parties do not dispute that La. R.S. 13:5107 is applicable to the instant case and that SMH is a political subdivision.
 
 [5]
 
 Plaintiffs contend, however, that La. R.S. 13:5107 must be read
 
 in pan materia
 
 with La. C.C. art. 2324 C, which provides, “Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.” Plaintiffs assert that the filing of the initial suit interrupted prescription against another tortfeasor, Sibaji Shome, M.D., which effectively interrupted prescription as to all joint tortfeasors, including SMH.
 
 [6]
 
 In support of this position, plaintiffs cite
 
 Cali v. Cory,
 
 04-1227 (La. 4th Cir.11/3/04), 886 So.2d 648,
 
 writ denied,
 
 04-3155 (La.2/25/05), 894 So.2d 1153.
 

 In
 
 Cali,
 
 the plaintiff, who appeared in her individual capacity and as natural tu-trix for her minor child, filed a survival and wrongful death suit. When the State of Louisiana, through the Department of Transportation and Development (“DOTD”) was named as a defendant in a supplemental and amending petition, DOTD filed exceptions urging the objections of untimely service and prescription. The
 
 Cali
 
 court held that the prescriptive period was interrupted as to DOTD by the filing of the initial petition against a defendant automobile driver, the driver’s
 
 *940
 
 insurer, and the decedent’s uninsured/un-derinsured carrier and his excess umbrella carrier. The court reasoned that La. R.S. 13:5107 D and La. C.C. art. 2324 must be read
 
 in pan materia,
 
 and concluded that “[a]s long as prescription is interrupted against one joint tortfeasor, it is interrupted against all.”
 
 Cali,
 
 04-1227 at p. 5, 886 So.2d at 651. The court found that plaintiffs supplemented and amended petition asserted a claim of joint liability between DOTD and the other tortfeasors. Thus, the court determined that plaintiffs original petition interrupted prescription as to all joint tortfeasors. Further, the court concluded that plaintiffs’ supplemental and amending petition naming DOTD as a joint tortfeasor related back to the original filing date of the initial petition and was timely served within ninety days of its filing.
 

 We find the reasoning of
 
 Cali
 
 to be unpersuasive, and we decline to follow it. Where there is a conflict between two statutory provisions, the statute that is more specifically directed to the matter at issue must prevail over the statute that is more general in character.
 
 City of Pineville v. American Federation of State, County, and Municipal Employees,
 
 00-1983, p. 5 (La.6/29/01), 791 So.2d 609, 613;
 
 Thomas v. Louisiana Dep’t of Public Safety and Corrections,
 
 02-0897, pp. 9-10 (La.App. 1st Cir.3/28/03), 848 So.2d 635, 640-41,
 
 writ denied,
 
 03-2397 (La.11/21/03), 860 So.2d 552. Louisiana Civil Code article 2324 is a general rule addressing the interruption of prescription against joint tort-feasors. By contrast, La. R.S. 13:5107 is a more specific statute addressing the more narrow issue of the interruption of prescription when governmental defendants are involved in the litigation.
 

 In
 
 Kimball v. Wausau Ins. Companies,
 
 04-626 (La.App. 5th Cir.1/25/05), 892 So.2d 690,
 
 writ denied,
 
 05-0755 (La.5/6/05), 901 So.2d 1104, the court applied this basic statutory interpretation rule when interpreting La. R.S. 13:5107 in a suit with analogous facts. Plaintiff, the father of a teenager killed in an automobile accident filed suit, naming as defendants the driver of the other vehicle k ninvolved in the accident, that driver’s employer and insurer, the Parish of Jefferson, and the State of Louisiana. The plaintiff did not request service of process on the Parish of Jefferson, which filed a motion for involuntary dismissal based on the untimely service. Before the motion was decided, the plaintiff also filed a second suit against the Parish, seeking the same damages. The Parish filed an exception urging the objection of prescription in response to the second suit. The trial court ultimately granted the involuntary dismissal and maintained the exception. On appeal, the plaintiff urged that prescription was continuously interrupted because the second suit on the same subject matter was filed and timely served during the pendency of the first unserved suit. The
 
 Kimball
 
 court rejected the plaintiffs argument, concluding that prescription had never been interrupted as to the Parish:
 

 We think the statute is clear, and that the language unambiguously carves out an exception to the general rules of prescription in favor of the state or its political subdivisions. La. R.S. 13:5107, a specific, special statute dealing with service of citation and process upon the state or a political subdivision, supersedes the general statutes (on service and prescription). Because the first suit in the present case was properly dismissed, prescription was never interrupted as to the Parish of Jefferson. [Footnote omitted.]
 

 
 *941
 

 Kimball,
 
 04-626, p. 7, 892 So.2d at 693.
 
 [7]
 

 In the instant case, we likewise conclude that La. R.S. 13:5107 D(3) is controlling, and because plaintiffs failed to timely request service of their initial lawsuit against SMH, the filing of the first lawsuit did not interrupt or suspend thej_yrunning of prescription as to SMH, a political subdivision.
 
 [8]
 
 Thus, plaintiffs’ claims against SMH had prescribed before the second lawsuit against SMH was filed.
 

 Plaintiffs also urge that the consolidation of the second lawsuit against SMH with the original lawsuit still pending against Dr. Shome “cured” their failure to timely effect service of process on SMH. We find no merit in this contention. The consolidation of actions pursuant to La. C.C.P. art. 1561 is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity.
 
 Howard v. Hercules-Gallion Co.,
 
 417 So.2d 508, 511 (La.App. 1st Cir.1982). Procedural rights peculiar to one ease are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits.
 
 Id.
 
 The consolidation of these two cases did not in any way enlarge or decrease the rights of the litigants. Procedural or substantive rights peculiar to one case are not rendered applicable to the companion suit by the mere fact of consolidation.
 
 Williams v. Scheinuk,
 
 358 So.2d 340, 341-42 (La.App. 4th Cir.1978). The consolidation of actions does not merge them unless the records clearly re-fleet an intention to do so.
 
 Louviere v. Louviere,
 
 01-0089, p. 25 (La App. 1st Cir. 6/5/02), 839 So.2d 57, 74,
 
 writs denied,
 
 02-1848, 02-1868, 02-1877, 02-1878, 02-1879, (La.10/25/02), 827 So.2d 1150, 827 So.2d 1151, and 827 so.2d 1152. On the records before us, we find the trial court did not intend to effect a merger of the actions when he ordered the consolidation. In fact, the trial court declined to rule on the “merger” issue. Thus, 112we find that the consolidation of the second lawsuit against SMH with the original lawsuit against Dr. Shome did not “cure” plaintiffs’ failure to timely effect service of process on SMH. We find no merit in this argument.
 

 III. CONCLUSION
 

 For these reasons, we affirm the trial court’s May 1, 2008 judgment, which granted SMH’s peremptory exception raising the objection of prescription. The trial court properly concluded that the medical malpractice claims against SMH had prescribed by the time the second suit was filed. Appeal costs are assessed against plaintiffs-appellants.
 

 AFFIRMED.
 

 GUIDRY, J., concurs in the result.
 

 [1]
 

 . Plaintiff’s petition identified this defendant as Slidell Memorial Hospital, who appeared for the purpose of filing exceptions and identified itself as St. Tammany Parish Hospital Service District No. 2 doing business as Sli-dell Memorial Hospital.
 

 [2]
 

 . Plaintiffs' petition misspelled Shome's first name as Sibaja.
 

 [3]
 

 . In ordering the consolidation, the trial court declined to rule on whether the consolidation order affected any "merger” of the actions.
 

 [4]
 

 . We note that although the plaintiffs' complaint filed with the Division of Administration alleged that malpractice occurred from January 5, 2003, through January 15, 2003, the petitions filed in the consolidated cases at issue infer that Mr. Mooney died on January 14, 2003.
 

 [5]
 

 . A "hospital service district” is "[a] political subdivision of the state of Louisiana organized pursuant to an Act of the Legislature of Louisiana or pursuant to R.S. 46:1051 et seq.” La. R.S. 46:1072(2)(a).
 

 [6]
 

 . Plaintiffs submit that Dr. Shome’s counsel answered the initial lawsuit and waived the 90-day service requirement.
 

 [7]
 

 . See also
 
 Matthews v. City of Bossier City,
 
 42,202 (La.App.2d Cir 8/15/07), 963 So.2d 516, wherein the court concluded that a suit against governmental defendants neither interrupted nor suspended the applicable one-year prescriptive period, where plaintiff had failed to timely request service of his original petition, and plaintiff's supplemental and amending petition was filed after the one-year prescriptive period had run.
 

 [8]
 

 . In their appellate brief, plaintiffs challenge the constitutionality of La. R.S. 13:5107, but we do not consider this issue because it was not pleaded and made an issue in the trial court.
 
 See Vallo v. Gayle Oil Co., Inc.,
 
 94-1238, pp. 8-9 (La.11/30/94), 646 So.2d 859, 864-65.