PETTIGREW, J.
 

 12In this case, plaintiff seeks review of the trial court’s judgment maintaining defendants’ exceptions raising the objections of prescription and insufficiency of service and citation, granting defendants’ motion to dismiss, and dismissing plaintiffs cause of action against defendants. For the reasons set forth below, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 20, 2006, plaintiff, Joshua Reed was involved in an automobile accident with defendant, John R. Evans, a deputy with the St. Tammany Parish Sheriffs Office. Mr. Reed’s original petition for damages was filed on August 20, 2007. In said petition, Mr. Reed erroneously alleged that Deputy Evans was an employee of the St. Tammany Parish Government (“Parish Government”) and named both Deputy Evans and the Parish Government as defendants. Mr. Reed requested service on the Parish Government, but made no request for service on Deputy Evans.
 

 In response to Mr. Reed’s petition for damages, the Parish Government filed a general denial and then later a motion for summary judgment, asserting that Deputy Evans was not one of its employees.
 
 [1]
 
 On February 1, 2008, Mr. Reed filed a first amending petition, substituting the St. Tammany Parish Sheriffs Office (“STPSO”) as a defendant in place of the Parish Government. The amending petition correctly asserted that at the time of the accident, Deputy Evans was an employee of the STPSO. Mr. Reed requested service of the amending petition on STPSO and, for the first time, sought service on Deputy Evans, more than seventeen months following the accident.
 
 [2]
 

 
 *361
 
 On March 10, 2008, Rodney J. “Jack” Strain, Jr., appearing in his official capacity as Sheriff of the Parish of St. Tammany, filed an exception raising the objection of prescription based on Mr. Reed’s (1) failure to request service of the original petition on Deputy Evans within ninety (90) days of the filing of the petition in direct violation of La. |sR.S. 13:5107(D), and (2) failure to timely institute suit against Sheriff Strain/STPSO within one (1) year of the date of the accident.
 
 [3]
 
 On that same date, Deputy Evans filed an exception raising the objection of insufficiency of service and citation, as well as a motion to dismiss, both based on Mr. Reed’s failure to request service on him within the statutorily prescribed time set forth in La. R.S. 13:5107(D).
 

 On July 23, 2008, the trial court heard arguments concerning the exceptions and the motion to dismiss from the parties. After considering the record and the applicable law, the trial court maintained both exceptions and granted Deputy Evans’ motion to dismiss. In a judgment signed September 19, 2008, the trial court dismissed, with prejudice, Mr. Reed’s claims against Sheriff Strain in his official capacity as Sheriff of STPSO, and dismissed, without prejudice, Mr. Reed’s claims against Deputy Evans. Mr. Reed filed a motion for new trial, which was denied by the trial court in a judgment rendered December 5, 2008. This appeal by Mr. Reed followed.
 
 [4]
 
 The sole issue presented on appeal for our review is as follows: “Whether or not prescription is
 
 *362
 
 ^interrupted against an unnamed joint and solidary obligor who is later named and served while the original suit is pending and a proper party was originally sued in the proper venue in a timely fashion.”
 

 DISCUSSION
 

 Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiffs claim has prescribed, the burden shifts to the plaintiff to demonstrate prescription was interrupted or suspended.
 
 Taylor v. Babin,
 
 2008-2063, p. 13 (La.App. 1 Cir. 5/8/09), 13 So.3d 633, 642,
 
 writ denied,
 
 2009-1285, (La.9/25/09), 18 So.3d 76. Thus, in this case, Mr. Reed bore that burden of proof and failed to satisfy same.
 

 On appeal, Mr. Reed relies heavily on the case of
 
 Cali v. Cory,
 
 2004-1227 (La.App. 4 Cir. 11/3/04), 886 So.2d 648,
 
 writ denied,
 
 2004-3155 (La.2/25/05), 894 So.2d 1153, in support of his argument that suit against one tortfeasor interrupts the prescriptive period against all jointly liable tortfeasors. In
 
 Cali,
 
 the plaintiff, who appeared in her individual capacity and as natural tutrix for her minor child, filed a survival and wrongful death suit. When the State of Louisiana, through the Department of Transportation and Development (“DOTD”) was named as a defendant in a supplemental and amending petition, DOTD filed exceptions urging the objections of untimely service and prescription. The
 
 Cali
 
 court held that the prescriptive period was interrupted as to DOTD by the filing of the initial petition against a defendant automobile driver, the driver’s insurer, and the decedent’s uninsured/underinsured carrier and his excess umbrella carrier. The court reasoned that La. R.S. 13:5107(D) and La. Civ.Code art. 2324 must be read
 
 in pari materia,
 
 and concluded that “[a]s long as prescription is interrupted against one joint tortfeasor, it is interrupted against all.”
 
 Cali,
 
 2004-1227 at 4-5, 886 So.2d at 651. The court found that plaintiffs supplemental and amending petition asserted a claim of joint liability between DOTD and the other tortfeasors. Thus, the court determined that plaintiffs original petition interrupted prescription as to all joint tortfeasors. Further, the court concluded that plaintiffs supplemental and amending petition naming DOTD as a joint tortfeasor related back to |Bthe original filing date of the initial petition and was timely served within ninety days of its filing.
 
 Id.
 

 This court has previously considered the reasoning of the
 
 Cali
 
 court, found it to be unpersuasive, and declined to follow it.
 
 Johnson v. Shafor,
 
 2008-2145, pp. 8-9 (La.App. 1 Cir. 7/29/09), 22 So.3d 935, 939-940. In
 
 Johnson,
 
 the plaintiffs’ initial petition against Slidell Memorial Hospital (“SMH”) for survival and wrongful death claims in a medical malpractice suit was dismissed, without prejudice, for failure to timely request service pursuant to La. R.S. 13:5107(D).
 
 Johnson,
 
 2008-2145 at 7, 22 So.3d at 939. The plaintiffs filed a subsequent petition against SMH setting forth identical allegations as those contained in the initial petition. In response, SMH filed an exception raising the objection of prescription and peremption. The trial court ultimately granted SMH’s exception raising the objection of prescription, dismissing plaintiffs’ claims, with prejudice.
 
 Johnson,
 
 2008-2145 at 4-5, 22 So.3d at 937-938.
 

 On appeal, this court agreed with the trial court’s ruling that the plaintiffs’ medical malpractice claims against SMH had prescribed by the time the second suit was filed.
 

 Where there is a conflict between two statutory provisions, the statute that is
 
 *363
 
 more specifically directed to the matter at issue must prevail over the statute that is more general in character.
 
 City of Pineville v. American Federation of State, County, and Municipal Employees,
 
 00-1983, p. 5 (La.6/29/01), 791 So.2d 609, 613;
 
 Thomas v. Louisiana Dep’t of Public Safety and Corrections,
 
 02-0897, pp. 9-10 (La.App. 1st Cir.3/28/03), 848 So.2d 635, 640-41,
 
 writ denied,
 
 03-2397 (La.11/21/03), 860 So.2d 552. Louisiana Civil Code article 2324 is a general rule addressing the interruption of prescription against joint tortfeasors. By contrast, La. R.S. 13:5107 is a more specific statute addressing the more narrow issue of the interruption of prescription when governmental defendants are involved in the litigation.
 

 In
 
 Kimball v. Wausau Ins. Companies,
 
 04-626 (La.App. 5th Cir.1/25/05), 892 So.2d 690,
 
 writ denied,
 
 05-0755 (La.5/6/05), 901 So.2d 1104, the court applied this basic statutory interpretation rule when interpreting La. R.S. 13:5107 in a suit with analogous facts. Plaintiff, the father of a teenager killed in an automobile accident filed suit, naming as defendants the driver of the other vehicle involved in the accident, that driver’s employer and insurer, the Parish of Jefferson, and the State of Louisiana. The plaintiff did not request service of process on the Parish of Jefferson, which filed a motion for involuntary dismissal based on the untimely service. Before the motion was decided, the plaintiff also filed a second suit against the Parish, seeking the same damages. The Parish filed an exception urging the objection of prescription in response to the | fisecond suit. The trial court ultimately granted the involuntary dismissal and maintained the exception. On appeal, the plaintiff urged that prescription was continuously interrupted because the second suit on the same subject matter was filed and timely served during the pendency of the first unserved suit. The
 
 Kimball
 
 court rejected the plaintiffs argument, concluding that prescription had never been interrupted as to the Parish:
 

 We think the statute is clear, and that the language unambiguously carves out an exception to the general rules of prescription in favor of the state or its political subdivisions. La. R.S. 13:5107, a specific, special statute dealing with service of citation and process upon the state or a political subdivision, supersedes the general statutes (on service and prescription). Because the first suit in the present case was properly dismissed, prescription was never interrupted as to the Parish of Jefferson. [Footnote omitted.]
 
 Kimball,
 
 04-626, p. 7, 892 So.2d at 693.
 

 In the instant case, we likewise conclude that La. R.S. 13:5107 D(3) is controlling, and because plaintiffs failed to timely request service of their initial lawsuit against SMH, the filing of the first lawsuit did not interrupt or suspend the running of prescription as to SMH, a political subdivision. Thus, plaintiffs’ claims against SMH had prescribed before the second lawsuit against SMH was filed.
 

 Johnson,
 
 2008-2145 at 9-11, 22 So.3d at 940-941. [Footnote omitted.]
 

 Similarly, in the case before us now, La. R.S. 13:5107(D) is controlling. It is undisputed that Sheriff Strain, in his official capacity as Sheriff of STPSO, qualifies as a “political subdivision” as it is defined in La. R.S. 13:5102(B).
 
 [5]
 
 Thus, the
 
 *364
 
 provisions of La. R.S. 13:5107(D) are applicable to both Sheriff Strain and to Deputy Evans as his employee.
 

 It is clear from the record in this matter that the accident in question occurred on August 20, 2006, and the original petition for damages was filed on August 20, 2007. However, there was no request for service on Deputy Evans until the filing of the amending petition on February 1, 2008. Thus, pursuant to the provisions of La. R.S. 13:5107(D)(2), Deputy Evans’ exception raising the objection of insufficiency of service Land citation was appropriately maintained, and Mr. Reed’s claims against Deputy Evans were properly dismissed.
 

 With regard to the objection of prescription raised by Sheriff Strain, as correctly noted by Sheriff Strain and Deputy Evans in brief to this court, the “dismissal of Deputy Evans as a defendant by virtue of the sustaining of his exception and/or his motion to dismiss filed herein, negates any interruption of prescription which might otherwise have occurred by reason of the filing of the original petition.”
 
 See
 
 La. R.S. 13:5107(D)(3). Sheriff Strain and Deputy Evans added further, “[i]n the absence of an interruption by filing suit against Deputy Evans and properly requesting service on him, prescription continued to toll and the time limitation for filing suit against Sheriff Strain expired long before the amending petition” was filed “on February 1, 2008, some seventeen months after the accident.” Thus, because Mr. Reed failed to timely request service of his initial lawsuit against Deputy Evans, the filing of the first lawsuit did not interrupt or suspend the running of prescription as to Sheriff Strain. Accordingly, Mr. Reed’s claims against Sheriff Strain had prescribed before the amending petition was filed.
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the judgment of the trial court and assess all costs associated with this appeal to plaintiff/appellant, Joshua Reed.
 

 AFFIRMED.
 

 [1]
 

 . According to the record, Mr. Reed's claims against the Parish Government were dismissed pursuant to an order of dismissal signed by the trial court on March 10, 2008.
 

 [2]
 

 .- Although there is nothing in the record before us to verify service, the following statement is found in a memorandum filed by Deputy Evans: “The record of this proceed
 
 *361
 
 ing indicates that both [STPSO and Deputy Evans] were served on February 13, 2008.”
 

 [3]
 

 . Louisiana Revised Statutes 13:5107(D) provides as follows:
 

 D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
 

 [4]
 

 . We note that Mr. Reed actually appealed from the trial court’s denial of his motion for new trial. ”[T]he established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non appealable judgment.”
 
 McKee v. Wal-Mart Stores, Inc.,
 
 2006-1672, p. 8 (La.App. 1 Cir. 6/8/07), 964 So.2d 1008, 1013. (By 2005 La. Acts No. 205, effective January 1, 2006, La.Code Civ. P. art. 2083 was amended to remove the longstanding provision that interlocutory judgments that "may cause irreparable harm” are appealable. An interlocutory judgment is now appealable only when expressly provided by law. Accordingly, the denial of a new trial is not generally appealable.) The Louisiana Supreme Court, however, has instructed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from appellant’s brief that the appeal was intended to be on the merits.
 
 Carpenter v. Hannan,
 
 2001-0467, p. 4 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229,
 
 writ denied,
 
 2002-1707 (La.10/25/02), 827 So.2d 1153. It is obvious from Mr. Reed’s brief that he intended to appeal the judgment on the merits. Thus, we will treat the appeal accordingly.
 

 [5]
 

 . Pursuant to La. R.S. 13:5102(B), "political subdivision” is defined as: "Any parish, mu
 
 *364
 
 nicipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.”