STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
13-921 c/w 13-655

TROY MOTT

VERSUS

CITY OF EUNICE, LOUISIANA THROUGH ITS MAYOR, ROBERT
"BOB" MORRIS; CHIEF GARY "GOOSE" FONTENOT IN HIS
CAPACITY AS CHIEF OF POLICE OF EUNICE, LOUISIANA; MICAH
ARCENEAUX, INDIVIDUALLY AND IN HIS CAPACITY AS A EUNICE
POLICE OFFICER; JEREMY IVORY, INDIVIDUALLY AND IN HIS
CAPACITY AS A EUNICE POLICE OFFICER; BILLY McCAULEY, JR.,
INDIVIDUALLY AND IN HIS CAPACITY AS A EUNICE POLICE
OFFICER

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10-C-0111-A
HONORABLE JAMES P. DOHERTY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J.
David Painter, Judges.

**AFFIRMED.**

**Thibodeaux, Chief Judge, dissents and assigns written reasons.**

Michael L. Barras
P. O. Box 11340
New Iberia, LA 70562
COUNSEL FOR PLAINTIFF-APPELLANT:
    Troy Mott

John F. Wilkes, III
Joy C. Rabelais
P. O. Box 4305
Lafayette, LA 70502
COUNSEL FOR DEFENDANTS-APPELLEES:
    The City of Eunice; Chief James Gary Fontenot, in his official capacity
    as Chief of Police of the City of Eunice; Officer Johannes Heinen,
    individually and in his capacity as a police officer for the City of Eunice;
    and Officer Allorate Frank, individually and in his capacity as a police

**officer for the City of Eunice; and Officer Ramone Sonnier, individually and in his capacity as a police officer for the City of Eunice**

**Joseph Stamey**
**P.O. Drawer 1288**
**Natchitoches, LA 71458**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Michael Perry, individually and in his capacity as a police officer for the**
    **City of Eunice**

**PAINTER, Judge.**

Plaintiff, Troy Mott, appeals the trial court's dismissal of his claims against Officers Michael Perry, Johannes Heinen, Ramone Sonnier, and Allorate Frank pursuant to an exception of prescription. For the following reasons, we affirm.

**FACTS**

On January 8, 2010, Plaintiff filed suit naming as defendants the City of Eunice (Eunice); Gary Fontenot, individually and in his capacity as Chief of Police for Eunice (the Chief); Micah Arceneaux, individually and in his capacity as a police officer for the City of Eunice; Jeremy Ivory, individually and in his capacity as a police officer for the City of Eunice; and Billy McCauley, Jr., individually and in his capacity as a police officer for the City of Eunice. He alleged injuries inflicted while the named officers were arresting him. Answers were filed by the various named defendants

On July 8, 2011, Plaintiff amended and supplemented the original petition, without leave of court, to add as additional defendants Detective Michael Perry and Officers Johannes Heine, Ramone Sonnier, and Allorate Frank. No service of process was requested in connection with this amendment. Claims concerning an alleged shooting made against Eunice, the Chief, and Officers McCauley and Ivory were dismissed pursuant to summary judgment on August 8, 2011. All the claims against McCauley were dismissed pursuant to a motion for summary judgment.

Over a year later, on November 8, 2012, Plaintiff amended his original petition, with leave of court, restating the allegations of the original petition and stating claims against Perry, Heinen, Sonnier, and Frank. Service was requested for this amendment. On January 14, 2013, Arceneaux was granted

1

partial summary judgment dismissing him from liability associated with the shooting. Heinen, Sonnier, Frank, Arcenaux, Ivory, and McCauley filed exceptions of insufficiency of citation and service. McCauley filed an exception of res judicata, and Heinen, Sonnier and Frank filed an exception of prescription. Perry also filed exceptions of insufficiency of citation and service and prescription.

The trial court, on January 14, 2013, heard the Exceptions of Prescription filed by Heinen, Sonnier, and Frank. At that hearing, Plaintiff stated that he would voluntarily dismiss the first amended petition and was ordered to do so within three business days of the hearing. The court found, in written reasons for judgment, that La.R.S. 13:5107(D) was applicable, that there was not a timely request for service, and that good cause was not shown for the failure to request service. As a result, the trial court found that the claims against Heinen, Sonnier, and Frank had prescribed. On February, 14, 2013, the trial court granted Perry's exception of prescription as well.

Mott appealed, and Eunice, Fontenot, Heinen, Frank, and Sonnier answered the appeal requesting damages for frivolous appeal.

*Prescription*

Mott asserts that prescription was interrupted by the timely filing of the original petition against joint tortfeasors and that the trial court erred in finding that La.R.S. 13:5107 and La.Civ.Code art. 2324 conflict as applied to the facts of this case.

Louisiana Revised Statutes 13:5107(D) provides that:

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the

2

state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.

(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

Defendants assert that, because the allegations of the second amended petition are identical to those of the first amended petition, and because the failure to serve the first amended petition within the time limit set by La.R.S. 13:5107 was grounds for dismissal of the first amended petition, pursuant to the provisions of La.R.S. 13:5107(D)(3), the claims against the added defendants are prescribed. Plaintiff asserts that the court's reasoning in *Cali v. Cory*, 04-1227 (La.App. 4 Cir. 11/3/04), 886 So.2d 648, *writ denied*, 04-3155 (La. 2/25/05), 894 So.2d 1153. should apply here and that the statutes should be interpreted in *pari materia* to allow the second amended petition to relate back to the filing of the original petition.

After reviewing the record, the provisions of La.R.S. 13:5107 and La.Civ.Code art. 2324, and the jurisprudence, we agree with the trial court that the statutory provisions are in conflict as applied to the particular facts of this case.

The two statutes conflict in that the application of either would bring a completely different result from the other under the circumstances of the

3

case currently before the court. We note that La.R.S. 13:5107 is the "more specific statute addressing the more narrow issue of the interruption of prescription when governmental defendants are involved in the litigation." *Johnson v. Shafor*, 08-2145, p. 0 (La.App. 1 Cir. 7/29/09), 22 So.3d 935, 940, *writ denied*, 09-1921 (La. 11/20/09), 25     So.3d 812. "Where there is a conflict between two statutory provisions, the statute that is more specifically directed to the matter at issue must prevail over the statue that is more general in character." *Id.* We agree with the *Johnson* court that the language of La.R.S. 13:5107 "carves out an exception to the general rules of prescription in favor of the state or its political subdivisions." *Id.* (quoting *Kimball v. Wausau Ins. Companies*, 04-626, P. 7 (La. App. 5 Cir. 1/25/05), 892 So.2d 690, 693, *writ denied*, 05-755 (La. 5/6/05), 901 So.2d 1104) Because the first amended petition was dismissed, prescription was never interrupted as to the additional defendants, notwithstanding their possible status as joint or solidary tortfeasors.

Accordingly, we find no error in the decision of the trial court to dismiss the claims against  the additional defendants.

*Frivolous Appeal*

Defendants answered the appeal requesting damages for frivolous appeal. However, inasmuch as our examination of the matter reveals a split among the appellate courts of this state in the treatment of the issues involved herein, we find that the appeal concerns real and substantial issues. Therefore, we decline to award damages for frivolous appeal.

4

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Troy Mott.

**AFFIRMED.**

5

TROY MOTT

VERSUS

CITY OF EUNICE, LOUISIANA THROUGH ITS MAYOR, ROBERT "BOB" MORRIS; CHIEF GARY "GOOSE" FONTENOT IN HIS CAPACITY AS CHIEF OF POLICE OF EUNICE, LOUISIANA; MICAH ARCENEAUX, INDIVIDUALLY AND IN HIS CAPACITY AS A EUNICE POLICE OFFICER; JEREMY IVORY, INDIVIDUALLY AND IN HIS CAPACITY AS A EUNICE POLICE OFFICER; BILLY McCAULEY, JR., INDIVIDUALLY AND IN HIS CAPACITY AS A EUNICE POLICE OFFICER

**THIBODEAUX, Chief Judge, dissenting.**

The majority fails to recognize that prescription was already interrupted against the police officers because of their status as joint tortfeasors. Louisiana Revised Statutes 13:5107 does not change the *status* of the officers who were added as joint tortfeasors. Prescription was interrupted *before* the first amended petition was filed and certainly before the second amended petition which was served. Louisiana Revised Statutes 13:5107 is silent on circumstances where prescription has already, as here, been interrupted by means other than the filing of an amending petition.

Contrary to the majority's assertion, there is no conflict between La.R.S. 13:5107 and La.Civ.Code art. 2324. The statute does *not* speak to joint liability; Civil Code Article 2324 specifically does. Thus, the trial court and the majority create a conflict where none exists. Because there is no conflict, *Johnson v. Shafor*, 08-2145 (La.App. 1 Cir. 7/29/09), 22 So.3d 935, *writ denied*, 09-1921 (La. 11/20/09), 25 So.3d 812, is not applicable. In my view, Civil Code Article

2324 controls and prescription was interrupted. I would reverse and remand for further proceedings.

For the foregoing reasons, I respectfully dissent.